272 So.2d 139 (1972)
THE FLORIDA BAR, Complainant,
v.
James D. WELCH, Respondent.
No. 42128.
Supreme Court of Florida.
December 20, 1972.
*140 Norman A. Faulkner, Tallahassee, and Marshall G. Curran, Jr., Fort Lauderdale, for complainant.
Watkins & Hill, Tallahassee, for respondent.
PER CURIAM.
This cause is before us on petition for review of the report of the referee dated February 2, 1972, recommending that respondent be suspended from the practice of law for a period of three years and pay costs in the amount of $2,222.26.
Complaint was filed on March 28, 1969, charging that respondent was guilty of violating his oath as an attorney and of violating Rule 11.02 of Article XI of the Integration Rule, 32 F.S.A., Canons 11 and 32 of the Canons of Professional Ethics and Rules 1 and 27 of the Additional Rules Governing the Conduct of Attorneys in Florida. Specifically, respondent was charged with knowingly, deceitfully and fraudulently inducing the complaining witness to deed her property to respondent's wife. The deed in question was executed March 8, 1966.
The referee found that respondent, acting in his capacity as attorney and friend of the complaining witness, obtained the execution of a deed to the complaining witness' homeplace to respondent's wife. The value of the property so transferred was found to be $14,000.00. The consideration paid by respondent was approximately $700.00. The referee in his order concluded as follows:
"The Referee concludes that Respondent was guilty of over reaching, of exercising undue influence over Complainant, and of imposing his will upon her, a poor wretch of a soul who should have been protected by Respondent with every tool at his disposal against the act which took place. Does not the fact that Mrs. Cope was mentally disoriented or incompetent compound the wrongdoing of Respondent rather than excuse his conduct, as his defense would have us believe?
"Respondent's failure to discern the ethical requirements demanded of him as a lawyer; his failure to resist and/or prevent the conveyance in issue from having taken place constituted a tragic violation of Respondent's duties, responsibilities and obligations which counterbalance his privilege of practicing law and serving his clients."
Respondent contends that the evidence in the cause does not constitute "clear and convincing proof" of any misconduct. In support of this contention, respondent states that since the complaining witness was found by the referee to be an "upset, distraught ... depressed and confused woman ..." her testimony should not have been relied on by the referee to establish the alleged misconduct.
We have carefully reviewed the record and find no error in the referee's determination of guilt. Respondent's own testimony, plus the undisputed fact of execution of the deed for a grossly inadequate consideration, are sufficient to support the referee's findings, even without the testimony of the complaining witness. The property has since been restored to its owner through stipulation of the parties entered after filing of civil suit by the complaining witness.
Respondent next contends that he has been prejudiced by failure of the referee to promptly file his report under the provisions of Rule 11.06(9)(c), as amended June 30, 1969, to provide:
"Within thirty (30) days after the conclusion of a trial before a referee, or *141 within such extended period of time as may be allowed by the President of The Florida Bar for good cause shown, the Referee shall make a report and enter it as part of the record."
Final testimony in the cause was taken on January 27, 1971, and the referee's report was entered February 7, 1972. In the interim memoranda of law were submitted by counsel for the Bar on March 16, 1971, and by counsel for respondent on August 10, 1971. Respondent's own delay in filing his memorandum of law was in part responsible for the lapse of over a year between the last hearing and the filing of the referee's report. However, we are convinced that the overall lapse of time involved in these proceedings of four years has largely nullified any benefit to the public and the Bar to be achieved by disbarment or suspension of respondent. In the six years that have elapsed since the execution of the deed by the complaining witness herein, respondent has, judging from the witnesses presented, conducted his practice of law in a reputable manner. Disciplinary proceedings are instituted primarily in the public interest and to preserve the purity of the Bar.[1] Those interests will not be served at this late date by respondent's suspension.
Much careful consideration has been given to the appropriate disciplinary measure in this case. We are mindful that respondent has previously violated his responsibilities as an attorney.[2] It is our judgment that respondent's misconduct merits, and the public interest will best be served by, three years' probation and a public reprimand. We direct that the period of probation be under the continuous surveillance of The Florida Bar, but not subject to any of the specifically enumerated conditions of Rule 11.10(1) of the Integration Rule. We further direct that the Bar report immediately any violations of the Rules or Canons of Ethics by respondent to this Court. Respondent's prior misconduct, together with the infraction here under consideration, constitute two strikes against him. Any further misconduct will necessarily be viewed in the light of these prior disciplinary breaches.
Accordingly, the report of the referee, insofar as it determines respondent's guilt of the misconduct charged, is approved. Respondent is hereby placed on three years' probation under surveillance of The Florida Bar, given a public reprimand in the form of filing of this opinion, and ordered to pay the costs of these proceedings in the amount of $2,222.26.
It is so ordered.
ROBERTS, C.J., and BOYD, McCAIN and DEKLE, JJ., concur.
MASON, Circuit Judge, dissents.
NOTES
[1] The Florida Bar v. Winn, Fla., 208 So.2d 809, 810 (1968).
[2] Respondent was disbarred by order of the Circuit Court on November 6, 1958, for misappropriation of clients' trust funds. He was reinstated by order of this Court on April 7, 1965, reported at 173 So.2d 688.