309 So.2d 537 (1975)
THE FLORIDA BAR, Complainant,
v.
James D. WELCH, Respondent.
No. 45606.
Supreme Court of Florida.
January 29, 1975.
Rehearing Denied March 18, 1975.
Norman A. Faulkner, Staff Counsel, Wilson J. Foster, Jr., Asst. Staff Counsel, Tallahassee, and Alvin Capp, Fort Lauderdale, for complainant.
J. Ben Watkins, Watkins, Hill & Marts, Tallahassee, for respondent.
PER CURIAM.
This is a disciplinary proceeding by The Florida Bar against James D. Welch. Respondent has filed a petition for review pursuant to Rule 11.09, Integration Rule.
The Florida Bar filed a two-count complaint against respondent. Following a hearing, the Referee recommended dismissal of Count Two. As to Count One, he found:
"1. Respondent agreed to handle matters involving Mr. Keyes' son for a $750.00 fee.
2. Respondent did request and receive funds from a released court cash bond.
3. Mr. Keyes authorized Respondent to subtract the fine ($101.00) if any from the cash bond.
4. Respondent did not place it in a trust account, in escrow, or in an identifiable client fund account.
5. Respondent did unlawfully take and convert to his own use $899.00 belonging to Mr. Keyes.
6. Respondent had no agreement allowing him to take $899.00.
7. Respondent refused or failed to redeliver the $899.00 to Mr. Keyes.
8. Respondent claimed he did a lot of extra work which made the fee payment he received ($750.00) and the amount he converted ($899.00) a more reasonable fee for the work he did.
9. The Respondent did not testify as to any facts at the Hearing."
*538 Satisfied that these findings were supported by a clear and convincing preponderance of the evidence in the record, the Referee recommended:
"... [T]hat the Respondent be found guilty under Count One as charged in the Complaint and specifically that he be found guilty of violations of his oath as attorney of Article XI of the Integration Rule, Rule 11.02, and D.R. 9-102(A)(2) and D.R. 9-102(B)(4) of the Code of Professional Responsibility, and additional Rule 1 of the former Additional Rule governing Conduct of Attorneys in Florida."
Respondent has a prior disciplinary history. He had been disbarred in April, 1965, for misappropriation of clients' funds  the same offense of which he presently stands charged. The disbarment was approved by this Court in Welch v. The Florida Bar, 109 So.2d 767 (Fla. 1959).[1] He was subsequently reinstated[2] but was later publicly reprimanded by this Court and placed on three years probation in 1972. The Florida Bar v. Welch, 272 So.2d 139 (Fla. 1972). We there found, based in part on respondent's own testimony, that he had fraudulently induced the complaining witness to deed her property to respondent's wife for a grossly inadequate cansideration. We stated:
"... Respondent's prior misconduct, together with the infraction here under consideration, constitute two strikes against him. Any further misconduct will necessarily be viewed in light of these prior disciplinary breaches." 272 So.2d at 141.
Considering these past disciplinary actions, the Referee recommended that respondent be disbarred from the practice of law in Florida.
In the present proceedings, respondent has contended that: (1) the punishment recommended by the Referee is grossly excessive; (2) he was deprived of due process because the Florida Bar followed the Integration Rule of the Florida Bar; (3) he was compelled to testify against himself relative to Count Two.
With regard to the alleged excessiveness of the punishment, we find this argument to be groundless in view of our previous admonitions to respondent. As to the alleged unfairness of the Bar proceedings, we have previously considered and rejected this argument in State ex rel. The Florida Bar v. Grant, 85 So.2d 232 (Fla. 1956). Finally, concerning respondent's third contention, it is sufficient to note that the allegedly "compelled" testimony pertained solely to Count Two, which was ultimately dismissed.
After considering the nature of the present offense in light of respondent's past disciplinary history, we are of the unanimous opinion that the findings and recommendations of the Referee should be adopted. They are hereby approved, and the respondent is hereby disbarred from the practice of law in this state.
Execution for costs against respondent will be directed by subsequent order.
It is so ordered.
ADKINS, C.J., ROBERTS, McCAIN and OVERTON, JJ., and RUDD, Circuit Court Judge, concur.
NOTES
[1] Affirming the order of the Circuit Court for Broward County in State v. Welch, Case No. L59,910A, November 8, 1959.
[2] Welch v. Board of Governors, The Florida Bar, 173 So.2d 688 (Fla. 1965).