22508

William C. BOGGS, M.D., Respondent v. STATE BOARD OF MEDICAL
EXAMINERS, Appellant.

(341 S. E. (2d) 635)

Supreme Court

*Karen LeCraft Henderson,* of *Sinkler, Gibbs & Simons,*
Columbia, *for appellant.*

*A. Camden Lewis,* of *Austin & Lewis,* Columbia, *for
respondent.*

Heard Feb. 24, 1986.

Decided March 24, 1986.

HARWELL, Justice:

In this medical disciplinary matter, the circuit court re-
versed the decision of the State Board of Medical Examiners
(Board). The Board contends that the lower court exceeded

its scope of review under the Administrative Procedure Act in reversing its decision. We agree and reverse.

The Board filed a complaint charging the respondent doctor with signing and issuing blank prescription documents on two occasions. One prescription pad was found prior to April 20, 1982 in the lab coat of a nurse-midwife who assisted the doctor in his obstetrical practice. A second pad was found in a nurses' station on April 20, 1982. The complaint stated that these two acts violated S. C. Code Ann. § 44-53-395(A)(1) (1976), which makes it unlawful for any practitioner to issue any prescription document signed in blank. Additionally, the complaint alleged that, as a result of the doctor's acts of misconduct, he had violated S. C. Code Ann. § 40-47-200(7), (9) & (12) (Supp. 1984) and S. C. Code Ann. Vol. 26, Regs. 81-60(D) & (F) (1976). It is undisputed that the purpose of the presigned prescriptions was to allow the nurse-midwife to order prenatal and postnatal vitamin/mineral/iron preparations for patients. No attempt was ever made by the doctor or the nurse-midwife to obtain or provide controlled substances for themselves or for any of their patients.

The Board and the doctor entered into a Memorandum of Agreement whereby they stipulated that blank prescription pads signed by the doctor were found in a lab coat and in a nurses' station. Because the relevant facts were stipulated, and in order to expedite the proceeding, the doctor waived his right to a hearing before a fact-finding panel and agreed instead to dispose of the matter before the full Board. In consideration of this agreement by the doctor, the Board agreed to present no testimonial or documentary evidence against the doctor.

In its Final Order, the Board set forth its findings of fact and conclusions and ordered that the doctor's license to practice medicine be suspended for six months. This suspension was stayed immediately upon his being placed on probation for two years. The doctor appealed to the circuit court alleging that the Board's decision was unwarranted under the facts of the case and asking that the court reverse the decision. The circuit court concluded that the Board's order constituted an abuse of discretion and was clearly erroneous and arbitrary. The circuit court accordingly reversed it.

After the Notice of Intent to Appeal was served and filed, the Board moved this Court to remand the proceedings in order to correct a scrivener's error in the Board's Final Order.[1] On remand, the circuit court denied the motion to correct the record.

The Board contends that the lower court erred in reversing its Final Order. Since this was an appeal from an agency decision, the lower court was governed by the Administrative Procedure Act, S. C. Code Ann. §§ 1-23-380 to 1-23-400 (Supp. 1984). Under this Act, the lower court was confined to determining whether substantial evidence existed which could support the Board's conclusions. Substantial evidence is relevant evidence that a reasonable mind might accept as being adequate to support a given conclusion. *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981).

The Board has the power under S. C. Code Ann. § 40-47-200 (Supp. 1984) to revoke or suspend a license to practice medicine. The statute provides, *inter alia,* for disciplinary action to be taken when the holder of the license has violated the principles of ethics as adopted by the State Board of Medical Examiners and published in its regulations. S. C. Code Ann. § 40-47-200(7) (Supp. 1984). The Board found that the doctor had violated S. C. Code Ann. Vol. 26, Reg. 81-60(F) (1976), which provides that a physician should not dispose of his services under terms or conditions which tend to interfere with or impair the free and complete exercise of his medical judgment and skill or tend to cause a deterioration of the quality of medical care.

The doctor stipulated that he signed blank prescription pads. This is certainly relevant evidence which a reasonable mind might accept as adequately supporting the conclusion that S. C. Code Ann. Vol. 26, Reg. 81-60(F) (1976) had been violated. The circuit court's opinion that the findings of fact do not support the Board's conclusion is erroneous in light of the stipulations made by the doctor. The possibility that two inconsistent conclusions could be drawn from the evidence does not prevent an administrative

---

[1] While both instances of the doctor signing blank prescription pads were stipulated, only one instance was listed in the Board's "Finding of Fact" as being admitted by the doctor.

agency's finding from being supported by substantial evidence. *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981).

Even though the findings of fact and conclusions were inartfully drawn, the record clearly indicates that the doctor violated S. C. Code Ann. Vol. 26, Reg. 81-60(F) (1976). Having found that the violation of this regulation supports the Board's action, it is not necessary for us to address the remaining four conclusions on which the Board further supports its decision.

Reversed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.