23360

David C. BURDGE, M.D., Respondent v. STATE BOARD
OF MEDICAL EXAMINERS, Appellant.

(403 S.E. (2d) 114)

Supreme Court

*Asst. Atty. Gen. Richard P. Wilson,* Columbia, *for appellant.*

*Larkin Mims,* Anderson, *for respondent.*

Heard Nov. 27, 1990.

Decided March 11, 1991.

TOAL, Justice:

This appeal involves allegations of professional misconduct against Dr. Burdge, a physician licensed to practice in South Carolina. The Board of Medical Examiners found Burdge guilty of misconduct and imposed sanctions. The circuit court reversed on the grounds that the Board's decision was not supported by substantial evidence in the record. We affirm in part and reverse in part.

## FACTS

This action was initiated against Dr. Burdge alleging that he was guilty of professional misconduct in two matters. Specifically, the Complaint filed alleges the commission of the acts set forth below.

### 1. *Mary Ann McMakin*

Dr. Burdge delivered Ms. McMakin's baby on September 14, 1987. The Complaint alleged that Dr. Burdge's treatment did not reflect a level of competent medical care of Ms. McMakin's labor and delivery using high or mid forceps and that Burdge failed to comply with established protocol for such deliveries in the Greenville Hospital System.

### 2. *Lori Couch*

Dr. Burdge lost his hospital privileges for obstetrical procedures during the period of time when he was providing obstetrical services to Ms. Couch. The Complaint alleged that Burdge failed to tell Ms. Couch that he would be unable to deliver her baby. He told her he might not be able to deliver the baby because he had to visit his sick mother in Hawaii.

The Complaint stated that these actions violated § 40-47-200(7), (8), and (12) and Reg. 81-60(A), (D), (F) and (H). Section 40-47-200 provides in pertinent part:

"Misconduct" which constitutes grounds for revocation, suspension, or other restriction of a license or limitation on or other discipline of a licensee is a satisfactory showing to the board of any of the following:

. . . . .

(7) That the holder of a license has violated the principles of ethics as adopted by the State Board of Medical Examiners and published in its regulations.

(8) That the holder of a license is guilty of engaging in any dishonorable, unethical, or unprofessional conduct that is likely to deceive, defraud, or harm the public.

. . . . .

(12) That the holder of a license is guilty of violating the code of medical ethics adopted by the board in accordance with § 40-47-20 or has been found by the board to lack the ethical or professional competence to practice medicine or osteopathy.

Regulation 81-60(A), (D), (F) and (H) states:

81-60. Principles of Medical Ethics.

A. The principal objective of the medical profession is to render service to humanity with full respect for the dignity of man. Physicians should merit the confidence of patients entrusted to their care, rendering to each a full measure of service and devotion.

. . . . .

D. The medical profession should safeguard the public and itself against physicians deficient in moral character or professional competence. Physicians should observe all laws, uphold the dignity and honor of the profession and accept its self-imposed disciplines. They should expose, without hesitation, illegal or unethical conduct of fellow members of the profession.

. . . . .

F. A physician should not dispose of his services under terms or conditions which tend to interfere with or impair the free and complete exercise of his medical judgment and skill or tend to cause a deterioration of the quality of medical care.

. . . . .

H. A physician should seek consultation upon request in doubtful or difficult cases or whenever it appears that the quality of medical service may be enhanced thereby.

After a hearing, the Board found that Burdge was guilty of misconduct because (1) the McMakin case involved a mid forceps delivery when Burdge was restricted by the hospital protocol to only doing low forceps deliveries; (2) Burdge falsely represented in his medical notes that the delivery was a low forceps delivery; and (3) Burdge failed to inform his patients that his obstetrical privileges had been revoked. The Board found that this conduct violated Section 40-47-200(7) and (12) and Regulations 81-60(A), (D), (F) and (H). The Board imposed the following sanction: Dr. Burdge's license to practice medicine was indefinitely suspended with the provision that after service of a thirty (30) day suspension, the license would be reinstated on a probationary status for an indefinite period upon the compliance with certain conditions of probation.

The circuit court reversed on the grounds that the substantial evidence in the record did not support the decision and that Burdge had not been given adequate notice of the charges against him. The Board appeals.

## DISCUSSION

1. *Substantial Evidence*

The Board contends that substantial evidence was presented to support its decision and therefore the circuit court erred in reversing the decision.

Section 1-23-380 of the Administrative Procedures Act provides that an agency's findings of facts may be reversed or modified only if it is clearly erroneous in view of the reliable, probative and substantial evidence of the record. That section also provides that the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

We agree with the circuit court that the record does not contain substantial evidence to support the Board's finding of misconduct with regard to the McMakin matter. Dr. Burdge testified that he performed a low forceps delivery and denied any misconduct. The expert testimony revealed that the determination of whether a delivery was a low

or mid forceps delivery was a subjective decision. Even the Board's expert witness testified that one man's low forceps may be another person's mid forceps delivery. Mrs. McMakin testified on behalf of Dr. Burdge and stated that she was very satisfied with his services and that her child had not been harmed by the delivery.

With regard to the finding that Dr. Burdge was guilty of falsifying his medical records, we find that Burdge was not given adequate notice of these allegations. This issue will be further discussed below.

With regard to the Couch matter, however, we find that the substantial evidence in the record supports the finding that Burdge failed to inform his patients that he would not be able to deliver their babies. The failure to inform patients such as Ms. Couch, deprived the patients of their right to choose their doctor.

2. *Notice of Charges*

The Board contends that the circuit court erred in finding that the rules governing physician conduct are so vague as to provide no standards by which to determine whether misconduct has occurred. We recently addressed this issue in *Toussaint v. State Board of Medical Examiners*, 400 S.E. (2d) 488 (S.C. 1991). There we found that rules and statutory provisions governing were "sufficiently definite to provide notice that a physician must conform his conduct to those standards of competence acceptable within the medical community of this State." *Id.* We adhere to this decision.

An additional issue is raised in the case at bar. The circuit court found that Dr. Burdge was not given adequate notice of the factual allegations against him with regard to the falsification of medical records. We agree. As noted above, the Complaint alleged incompetent care and violation of the protocol. Yet, Dr. Burdge was found guilty of falsifying documents in addition to other misconduct. We agree with the circuit court that the failure to give fair notice of the allegations against him constitutes a denial of procedural due process. *See, In re Ruffalo*, 390 U.S. 544, 88 S. Ct. 1222, 20 L. Ed. (2d) 117 (1968).

For the reasons discussed above, the circuit court is AFFIRMED IN PART, REVERSED IN PART and this matter

is REMANDED to the Board to reconsider the sanction in light of this decision.

GREGORY, C.J., HARWELL and CHANDLER, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.