23421

Robert A. WILSON, M.D., Petitioner v. STATE BOARD OF MEDICAL EXAMINERS, Respondent.

(406 S.E. (2d) 345)

Supreme Court

*V. Laniel Chapman* and *Bruce A. Byrholdt,* both of *Chapman, King & Byrholdt,* Anderson, *G. Dewey Oxner,* of *Haynsworth, Marion, McKay & Guerard,* Greenville, and *Michael F. Mullinax,* Anderson, *for petitioner.*

*Asst. Atty. Gen. Richard P. Wilson,* Columbia, *for respondent.*

Heard Jan. 7, 1991.

Decided June 24, 1991.

*Per Curiam:*

Certiorari was granted in this physician disciplinary proceeding to review the Court of Appeals' decision upholding the suspension of Petitioner Robert A. Wilson's license by the State Board of Medical Examiners.

We remand to the Board for further proceedings.

On December 27, 1984, the Board filed a Complaint alleging that, during 1982 and 1983, Petitioner had submitted several patients' health insurance claims in which he exaggerated the complexity of the procedure performed, used improper billing codes, and maintained inadequate documentation. After a hearing, the Board issued its Final Order, dated May 13, 1986, finding Petitioner guilty of misconduct. Upon petition for judicial review, the Circuit Court remanded for reconsideration, directing the Board to set forth specific findings of fact and conclusions of law.

On July 17, 1988, the Board issued an Amended Final Order finding Petitioner guilty of obtaining incomplete surgical consent forms from patients, in addition to misconduct connected with the improper filing of insurance claims. It imposed a sanction of indefinite suspension, stayed after six months, with Petitioner to remain on probation for an indefinite period of time.

Upon review pursuant to the Administrative Procedures Act, the Circuit Court affirmed the Board's decision, finding it

to be supported by substantial evidence. *See* S.C. Code Ann. § 1-23-380(g)(5) (1986). The Circuit Court's order was, in turn, affirmed by the Court of Appeals.

The issues upon which certiorari was granted are (1) whether the Board's decision is supported by substantial evidence and (2) whether the Board improperly based its sanction, in part, upon misconduct not alleged in the Complaint.

We reject Petitioner's contention that the Board's factual findings are unsupported by substantial evidence.

The record contains "relevant evidence which a reasonable mind might accept as adequately supporting the [Board's] conclusion. . . ." *Boggs v. State Bd. of Medical Examiners*, 288 S.C. 144, 146, 341 S.E. (2d) 635, 636 (1986). Although the evidence is in dispute, "[t]he possibility that two inconsistent conclusions could be drawn . . . does not prevent an administrative agency's finding from being supported by substantial evidence." *Id.* at 146-47, 341 S.E. (2d) at 636.

We agree with Petitioner, however, that the Board improperly found him guilty of misconduct not alleged in the Complaint. *Burdge v. State Bd. of Medical Examiners*, 403 S.E. (2d) 114 (S.C. 1991). Accordingly, the matter is remanded for the Board to reconsider the sanction, disregarding the findings concerning inadequate consent forms. *Id.*

When making this determination, the Board must insure that the sanction imposed is consonant with the purpose of these proceedings. "The revocation of a physician's license, however, is designed not to punish the physician . . . but to protect the life, health and welfare of the people at large. . . ." *Levy v. Board of Registration & Discipline*, 378 Mass. 519, 528, 392 N.E. (2d) 1036, 1041 (1979); *see also Sherman v. Commission on Licensure & Practice*, 407 A. (2d) 595 (D.C. 1979); *Stojanoff v. Department of Registration & Education*, 72 Ill. App. (3d) 585, 28 Ill. Dec. 811, 391 N.E. (2d) 10 (1979).

It is therefore an essential element of the legislatively designed administrative regulatory scheme that the Board, in a disciplinary proceeding, scrupulously consider all factors relevant to continued licensure. It must, therefore, meticulously weigh the public interest and *the need for the continued services of qualified medical doctors*

against the countervailing concern that society be protected from professional ineptitude. (Emphasis supplied.)

*In re Polk License Revocation,* 90 N.J. 550, 579, 449 A. (2d) 7, 22 (1982).

It has been over six years since the commencement of this proceeding and more than eight years since the acts of alleged misconduct which Petitioner was found to have committed. There is no indication that, in the meantime, he has further engaged in any unprofessional or unethical conduct.

Clearly, the original sanction, if imposed after the passage of many years, becomes a harsher penalty and, moreover, impacts upon the public need for medical services as noted in *In re Polk, supra.*

Under the circumstances of this case, we remand for reconsideration by the Board of its sanction in light of this opinion. *See Florida Bar v. Welch,* 272 So. (2d) 139 (1972); *Attorney Grievance Comm'n v. Howard,* 282 Md. 515, 385 A. (2d) 1191 (1978).

Remanded.