622 So.2d 501 (1993)
James M. RUSS and Linroy Bottoson, Appellants,
v.
STATE of Florida, Appellee.
No. 92-3110.
District Court of Appeal of Florida, Fifth District.
July 16, 1993.
Rehearing Denied August 23, 1993.
James M. Russ, Orlando, and Jon M. Wilson of Foley & Lardner, Orlando, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
Donald A. Lykkebak, Orlando, for amicus, Nat. Ass'n of Crim. Defense Lawyers.
PER CURIAM.
James Russ, Esquire appeals from the order finding him guilty of indirect criminal contempt for his failure to relinquish a file in his possession to the State Attorney in contravention of a prior court order. Russ argues, correctly, that the trial court's failure to follow the dictates of Rule 3.840, Florida Rules of Criminal Procedure, requires reversal.[1]
Rule 3.840(a)(1) mandates that "a reasonable time [be] allowed for preparation of the defense after service of the *502 order on the defendant." Here, the contempt hearing was held less than two days after service of the order to show cause. Due process requires more. See Goral v. State, 553 So.2d 1282 (Fla. 3d DCA 1989) (holding that notice of only two working days was not a reasonable time for preparation of a defense). Further, Russ's motion for a continuance on the ground that his attorney could not be there because of the short notice was erroneously denied. Russ was entitled to be represented by counsel. See Fla.R.Crim.P. 3.840(a)(4). Accordingly, we reverse the judgment and sentence under review.
REVERSED and REMANDED.
GOSHORN, PETERSON and THOMPSON, JJ., concur.
NOTES
[1] Because our ruling on this issue is dispositive of the case, we do not address the other issues raised on appeal.