24113

Randall M. HUBER, Jr., PT, Respondent v. S.C. STATE BOARD OF PHYSICAL THERAPY EXAMINERS, Appellant.

(446 S.E. (2d) 433)

Supreme Court

*Ruby Brice McClain,* of the *Office of Atty. Gen.,* Columbia, *for appellant.*

*John R. Ferguson,* of *Cox & Ferguson,* Laurens, *for respondent.*

Heard June 8, 1994.

Decided July 5, 1994; Reh. Den. July 28, 1994.

HARWELL, Chief Justice:

The S.C. Board of Physical Therapy Examiners (Board) appeals from the reversal of its finding that Randall M. Huber, Jr. (Huber) engaged in "unprofessional conduct" claiming that the trial judge erred in ruling that the standards Huber allegedly violated are unconstitutionally vague. We agree and reverse.

## I. *Facts*

The Board filed a complaint alleging that Huber, a registered physical therapist, engaged in "unprofessional conduct" by allowing unregistered persons in his employ to administer physical therapy, by failing to conduct periodic reexaminations as required by law, and by allowing assistants to administer physical therapy treatment without a physical therapist's initial evaluation. The complaint also alleged that Huber "failed to make and/or keep proper entries in patients' records" and "either omitted or reflected incorrect or false information in patients' records." Huber moved to dismiss the complaint on the ground that it failed to give notice as to the charges against him. The Board, by letter, provided Huber with patient and employee names, locations, and in some instances, dates of the alleged violations. The letter also limited

allegations of improper record keeping to a single patient.

At the hearing, Huber admitted training unregistered employees to perform physical therapy procedures, allowing them to give various treatments to patients, and recording treatment notes for the procedures these employees performed although he was not present for the treatment. Based on the evidence presented at the hearing, the Board ruled that Huber had intentionally and knowingly engaged in "unprofessional conduct" consisting of "facilitating, and condoning the practice of physical therapy [by persons] not duly registered" and preparing false treatment notes.[1] Pursuant to its authority under S.C. Code Ann. § 40-45-200(3) (1986), the Board ordered Huber's registration suspended for six months followed by a three-year probationary period. Imposition of these sanctions was stayed pending Huber's appeal.

On appeal, Huber alleged, among other things, that the Board violated due process by failing to give notice of definite standards of conduct prior to enforcing those standards and by failing to provide notice that the allegations would extend to improper record keeping of more than one patient. The trial judge reversed the Board's order finding that standards for the professional conduct of physical therapists were "non-existent" and that Huber was only given notice that he would have to defend claims of improper recordkeeping as to one patient. The Board appeals.

## II. Discussion

The Board first contends that the trial judge erred in finding that the rules governing a physical therapist's conduct are so vague as to be constitutionally unenforceable. We agree.

The constitutional standard for vagueness is the practical criterion of fair notice to those to whom the law applies. *Toussaint v. State Bd. of Medical Examiners*, 303 S.C. 316, 400 S.E. (2d) 488 (1991). When the persons affected by the law constitute a select group with a specialized understanding of the subject being regulated, the degree of definiteness required to satisfy due process is measured by

---

[1] The Board specifically found that the various physical therapy procedures Huber had instructed his employees to perform included massage, hot pack, ultrasound, gait training, traction, whirlpool, and electrical stimulation.

the common understanding and knowledge of the group. *Id.* at 320, 400 S.E. (2d) at 491. With these principles in mind, we turn to whether Huber had fair notice that training unregistered persons to perform physical therapy and then allowing them to treat patients was prohibited.

S.C. Code Ann. § 40-45-100 (1986) provides that "[n]o person shall practice, nor hold himself out to be able to practice, *physical therapy* in this State unless he is registered in accordance with the provision of this chapter. . . ." (Emphasis added.) "Physical therapy" is defined as "the evaluation and *treatment* of any bodily or mental condition of any person by the use of physical, chemical, or mechanical agents, the properties of heat, light, water, electricity, massage, sound, and therapeutic exercises, including rehabilitation procedures, all under the prescription of a licensed doctor of medicine or dentistry. . . ." S.C. Code Ann. § 40-45-20 (1986) (emphasis added). We find that the plain language of section 40-45-100 and section 40-45-20 clearly prohibits unregistered persons from engaging in physical therapy and, therefore, conclude that Huber had fair notice that training unregistered persons to perform physical therapy and then allowing them to treat patients was prohibited. Accordingly, we reverse the trial judge's ruling that the standard which the Board found Huber violated was vague. Additionally, because there is substantial evidence to support the Board's finding that Huber allowed unlicensed persons to practice physical therapy, we reinstate that portion of the Board's finding. *See Toussaint* at 321, 400 S.E. (2d) at 490 (the findings of an administrative agency must be affirmed if there is any substantial evidence to support them).

The trial judge also found that Huber was not given ■ adequate notice that the Board would prosecute charges of improper record keeping for more than one patient. We agree.

The letter the Board sent to clarify the complaint al- ■ leged that Huber maintained improper patient records for only one patient. However, testimony was presented to the Board, over Huber's objections, concerning records of other patients' treatments. Although the Board made no factual finding of Huber's improper documentation in regards to the one patient mentioned in the letter, the Board

found that Huber had written treatment notes for procedures he did not perform. We agree with the circuit court that the failure to give Huber fair notice of the allegations against him of improper documentation of other patients' records constitutes a denial of procedural due process. *Burdge v. State Bd. of Medical Examiners*, 304 S.C. 42, 403 S.E. (2d) 114 (1991). Accordingly, we affirm the trial judge's holding on this issue and remand this matter to the Board to reconsider the sanction.[2]

Based on our holding, we need not address the Board's remaining issues. For the reasons discussed above, the trial judge is

Affirmed in part; reversed in part; and remanded.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.

---

[2] When making this determination, the Board must insure that the sanction imposed is consonant with the purpose of the proceeding. *Wilson v. State Bd. of Medical Examiners*, 305 S.C. 194, 406 S.E. (2d) 345 (1991). The revocation of a medical license is designed not to punish the person but to protect the life, health, and welfare of the people at large. *Id.* at 196, 406 S.E. (2d) at 346. The Board must, therefore, meticulously weigh the public interest and the need for the continued services of qualified medical professionals against the countervailing concern that society be protected from professional ineptitude. *Id.* at 196-97, 406 S.E. (2d) at 346. We note that the Board has recently passed guidelines for the practice of physical therapy aides.