PER CURIAM.
 

 Chris Harvey challenges his judgment and sentence for indirect criminal contempt. Because the trial court erred in compelling Harvey to testify against himself and because this error was not harmless, we reverse.
 

 In response to a motion from Harvey’s former wife, Rachel Dailey, the trial court issued an order to show cause why Harvey should not be held in criminal contempt for failure to make court-ordered child support payments. The motion and the order alleged, inter alia, that Harvey was voluntarily unemployed to avoid implementation of an income deduction order, that he refused to pay child support, and that he was therefore in “willful contempt of the Court, for his violation of the Final Judgment of Dissolution of Marriage.”
 

 A contempt hearing was held on August 28, 2008.
 
 [1]
 
 The court received in evidence a certified copy of Harvey’s child
 
 *62
 
 support payment record showing an ar-rearage of $8700. Then, arguing that a criminal contempt proceeding does not involve a criminal prosecution such that the constitutional rights enjoyed by a criminal defendant are not implicated, Dailey’s counsel called Harvey as a witness. Harvey objected on the ground that the hearing was a criminal proceeding in which he enjoyed the right not to be compelled to testify against himself. The court overruled the objection, and Harvey took the stand.
 

 Harvey acknowledged that he was ordered to pay child support pursuant to a November 2007 dissolution order, that he had been employed at a car dealership from October to December 2007 but was then fired, and that he had not paid child support. He testified that he had been out of work due to the state of the economy, that he was nevertheless actively looking for a job, and that he was living with his mother. He stated that he had earlier paid a purge of $2000 thanks to the sale of his vehicle and insisted that he would pay child support if he could. Harvey’s former wife, Ms. Dailey, testified that she and Harvey had two children together, that she was supporting them with help from her family, and that Harvey was not providing financial support.
 

 After hearing argument from counsel, the court ruled as follows:
 

 Okay, the Court at this time finds [Harvey’s counsel’s] comments persuasive, and in addition to those of [Dailey’s counsel], supports that the Court at this time finds beyond a reasonable doubt that this Court previously ordered Mr. Harvey to pay, that he has failed to pay, that his failure to pay is willful. He was employed in October, November and December, did not pay. I don’t know why the Court should believe him now he testifies that he has made consistent efforts without — without success to become employed for the past eight months.
 

 The Court finds him guilty of indirect criminal contempt. The [C]ourt will sentence him to ninety days County Jail.
 

 The court issued a written order reflecting this conclusion and sentence.
 

 The resolution of the primary issue before us is straightforward:
 

 Because criminal contempt is a crime in the ordinary sense, imposition of criminal contempt sanctions requires that a contemnor be afforded the same constitutional due process protections afforded to criminal defendants. These rights include the right of criminal defendants to be represented by counsel, the right to have the State prove the offense beyond a reasonable doubt, and
 
 the right not to incriminate oneself.
 

 Parisi v. Broward County,
 
 769 So.2d 359, 364 (Fla.2000) (citations and internal quotation marks omitted; emphasis added);
 
 see also Gidden v. State,
 
 613 So.2d 457, 460 (Fla.1993). As such, the trial court erred in the indirect criminal contempt proceeding below when it allowed itself to be persuaded by the argument of the former wife’s attorney that the right not to be compelled to incriminate oneself did not apply in such a proceeding.
 
 [2]
 

 
 *63
 
 The only remaining question is whether the error was harmless.
 
 See The Florida Bar v. Welch,
 
 309 So.2d 537, 538 (Fla.1975) (finding harmless the fact that the respondent was compelled to testify against himself when the count in question was ultimately dismissed);
 
 see also Arizona v. Fulminante,
 
 499 U.S. 279, 310-11, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (holding that harmless error analysis is appropriate relative to admission of an involuntary confession);
 
 Williams v. Stewart,
 
 441 F.3d 1030, 1051 (9th Cir.2006). When Harvey’s testimony is removed from consideration, the remaining evidence is “insufficient to prove beyond a reasonable doubt that he
 
 willfully
 
 violated a prior court order.”
 
 See Hagerman v. Hagerman,
 
 751 So.2d 152, 153 (Fla. 2d DCA 2000) (emphasis added). Essentially, the only competent evidence before the court was Harvey’s child support payment record and Dailey’s testimony. From the payment record the court could conclude that Harvey was in arrears in his child support payments. From Dailey’s testimony the court could conclude that Harvey was not assisting her financially. From neither piece of evidence can it be inferred that Harvey was, as alleged, voluntarily unemployed such that he was in willful noncompliance with an income deduction order or that he was otherwise willfully noncompliant with the original dissolution order. We therefore must conclude that the error in admitting the evidence was not harmless beyond a reasonable doubt.
 
 See State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986).
 

 Accordingly, we reverse the court’s order and remand for a new hearing.
 
 See Pacheco v. State,
 
 698 So.2d 593, 596 (Fla. 2d DCA 1997) (citing
 
 Lockhart v. Nelson,
 
 488 U.S. 33, 40, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988)). The trial court is directed to enter an order releasing the petitioner to the bail status to which he was admitted as of the show-cause hearing or, if he was not admitted to bail, an order releasing him from confinement.
 

 Reversed and remanded with instructions.
 

 NORTHCUTT, C.J., and CASANUEYA and SILBERMAN, JJ„ Concur.
 

 [1]
 

 . At the hearing, counsel for Dailey prosecuted the case against Harvey, who was represented by an assistant public defender. On review in this court, the same assistant public defender represents Harvey, and the Attorney General has appeared on behalf of the State,
 
 see
 
 § 16.01(4), Fla. Stat. (2008).
 

 [2]
 

 . In support of his argument, the wife’s attorney recited to the trial court the third paragraph of the subsection headed "(4) Arraignment; Hearing” of the 1968 Committee Notes to Florida Rule of Criminal Procedure 3.840, which sets forth the procedures to be followed in proceedings on indirect criminal contempt. The paragraph includes this statement:
 

 There is no reason to believe that the statute [section 38.22, Florida Statutes, as amended in 1945] is unconstitutional as being in violation of section 11 of the Declaration of Rights of the Florida Constitution,
 
 *63
 
 which provides, in part, that the accused in all criminal prosecutions shall have a right to public trial by an impartial jury. Criminal contempt is not a crime; consequently, no criminal prosecution is involved.
 

 Counsel also read the three case citations there. It may be noted, however, that the first paragraph of the same subsection of the Committee Notes contains the following statement: "The defendant cannot be compelled to testify against himself.
 
 Demetree v. State ex rel. Marsh,
 
 89 So.2d 498 (Fla. 1956)."