THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Sam Wayne
 Vetro, M.D., Appellant,
 v.
 South Carolina
 Department of Labor Licensing and Regulation, South Carolina State Board of
 Medical Examiners, Respondent.
 
 
 

Appeal From Richland County
John McLeod, Administrative Law Judge
Unpublished Opinion No. 2010-UP-381
Heard May 19, 2010  Filed August 4, 2010    
AFFIRMED

 
 
 
 Clifford O. Koon, Jr., of Columbia, for Appellant.
 Kenneth P. Woodington, of Columbia, for Respondent.
 
 
 

PER CURIAM: This
 case is decided pursuant to Rule 220, SCACR.  Sam W. Vetro appeals the
 revocation of his license to practice
 medicine by the South Carolina Board of Medical Examiners.  The Administrative
 Law Court affirmed the Boards ruling.  We affirm. 
1. Vetro
 claims that the Board failed to follow procedures outlined in regulations
 81-12.5 and 81-13 of the South Carolina Code (Supp. 2009), that he was lured
 into waiving his rights to formal hearing procedures, and that the Board
 violated the Americans with Disabilities Act.[1]  However, because these issues were not raised to and ruled on by the Board, we
 find these issues are not preserved for appellate review.  See Brown
 v. S.C. Dep't of Health and Envt'l. Control, 348 S.C. 507, 519-20, 560
 S.E.2d 410, 417 (2002). 
2. Vetro
 contends that the Board made erroneous factual findings.  In a Memorandum of
 Agreement, Vetro admitted all allegations in the Complaint and that his conduct
 violated section 40-47-200(F)(3), (6), and (8) of the South Carolina Code
 (2001).[2] 
 Thus, the Boards factual determination to revoke, based on these admitted
 allegations, is supported by substantial evidence.  See Lark v. Bi-Lo,
 Inc., 276 S.C. 130, 136-7, 276 S.E.2d 304, 307 (1981).  
3. Finally, Vetro
 argues that the sanction imposed was too harsh and constitutes an abuse of
 discretion.  The Board has the power to revoke or suspend a medical license.  Boggs
 v. State Bd. of Med. Exam'rs, 288 S.C. 144, 146, 341 S.E.2d 635, 636
 (1986).  Vetro admitted to all allegations in the complaint and that his
 conduct violated subsections (3), (6), and (8) of 40-47-200(F) of the South
 Carolina Code.  A finding under any of these subsections is
 "'[m]isconduct' which constitutes grounds for revocation, suspension, or
 restriction of a license or limitation on or discipline of a licensee. . .
 ."  S.C. Code Ann. § 40-47-200(F) (2001).  Therefore, the decision
 to revoke Vetros medical license was within the Boards discretion.
AFFIRMED.
FEW,
 C.J., THOMAS and PIEPER, JJ., concur.

[1]  42 U.S.C. § 12101 (2009).

[2] Chapter 47 of Title 40 of the South Carolina Code has
 been rewritten. Provisions similar to those previously found at section
 40-47-200(F) are now codified at section 40-47-110 of the South Carolina Code (Supp.
 2009).