EMAS, J.
John Timothy Gratz (“Gratz”) appeals from an order adjudging him in indirect criminal contempt and sentencing him to ninety days in jail. We reverse the contempt order and vacate the sentence because, under the circumstances presented, the trial court abused its discretion in denying a requested continuance to permit Gratz and his counsel to properly prepare to defend the allegations in the show cause order.
This case arose out of post-judgment proceedings related to a dissolution of marriage between Loretta Diane Gratz (“Loretta”) and Gratz, which was dissolved by a final judgment in 2002. Pursuant to this judgment, Gratz was obligated to pay child support in the amount of $572.81 per month. At the time of the judgment, Gratz was already in arrears on his child support obligation.
In 2007, after Gratz failed to pay child support, Loretta moved to establish the exact amount of arrearage and to establish an arrearage repayment. The trial court determined that child support arrears at that point exceeded $26,000, and ordered Gratz to repay the arrearage at the rate of $114.56 per month.
In 2010, Loretta filed a Verified Motion for Order to Show Cause. In this motion, Loretta alleged that Gratz still owed past due child support totaling more than *1221 $24,000. Loretta further alleged that Gratz had the ability to pay child support, averring that Gratz, by his own admission under oath, had received a $10,000 check from GEICO insurance company in conjunction with the settlement of an unrelated personal injury claim, and used that money to pay for legal services rather than his child support obligations.[1]
On or about June 15, 2010, the court issued an Order to Show Cause directing Gratz to appear before the court on August 12, 2010 to be arraigned, and at that time show cause why he should not be held in indirect criminal contempt for his “willful failure” to comply with the court’s prior orders. On July 27, 2010, the court entered an order appointing the public defender’s office to represent Gratz at the August 12 contempt hearing. However, and significant to our disposition of this appeal, appointed counsel did not become aware of the appointment, receive a copy of the order of appointment, or first speak with Gratz, until August 10, 2010, two days before the scheduled contempt hearing.
The parties and counsel appeared in court on Thursday, August 12, 2010. At that time, defense counsel requested a continuance, advising the court that he was not ready, and explaining that he had only become aware of his appointment (and obtained a copy of the show cause order) on August 10. The court granted the requested continuance, but in doing so offered defense counsel only three possible dates for the rescheduled hearing: August 16, 17 or 20. Given these limited choices and defense counsel’s trial schedule,[2] the case was set for a final contempt hearing on Monday, August 16, only two business days following the August 12th hearing.
On August 16, defense counsel initially announced he was “ready” for the hearing, but immediately thereafter moved for a continuance, contending, inter alia, that Gratz was being denied a meaningful right to be heard because of the mere six days between service of the show cause order upon defense counsel and the contempt hearing. Defense counsel reminded the court that counsel had only become aware of the case, and his appointment, on August 10, and advised the court that the four-day continuance (from August 12 until August 16) was insufficient time to prepare. Defense counsel told the court that he had witnesses who would testify at the contempt hearing but that he did not have sufficient time to subpoena those witnesses to appear at the August 16th hearing.
The court denied the motion to continue and proceeded with the contempt hearing.[3] The trial court had previously appointed Ms. Maxwell, an attorney with the Florida Department of Revenue, to prosecute the contempt charge. Ms. Maxwell called two witnesses to testify at the *1222 hearing. Following their testimony, defense counsel renewed his objection to the hearing because he was unable to subpoena witnesses on behalf of his client.
Thereafter, Gratz took the stand and testified on his own behalf. In his testimony, Gratz conceded that he received a check in the amount of $10,000 in settlement for an accident in which he dislocated his shoulder. He explained that the money was placed into the trust account of his attorney, Mr. Kaufman, who represented Gratz in the personal injury case as well as in the post-judgment relocation hearing. Mr. Kaufman received $3500 for legal services rendered in the personal injury matter, and the balance was applied to Mr. Kaufman’s legal fees and an expert witness’ fees and costs in connection with contesting the post-judgment motion for relocation. Gratz testified that Mr. Kaufman was aware of the child support ar-rearage and the outstanding orders to pay, and that Mr. Kaufman had not advised Gratz of any problem in using the remaining proceeds ($6500) to pay legal fees and expert witness fees related to the relocation proceeding. Gratz testified that he did not willfully disobey the court’s orders by using the settlement proceeds to pay his attorney and the expert witness.
At the conclusion of the hearing, the trial court found Gratz in willful contempt of court, and at a subsequent hearing the court imposed a sentence of ninety days in jail.
Florida Rule of Criminal Procedure 3.840(d) governs arraignment and hearings when a defendant is faced with indirect criminal contempt:
(d) Arraignment; Hearing. The defendant may be arraigned at the time of the hearing, or prior thereto at the defendant’s request. A hearing to determine the guilt or innocence of the defendant shall follow a plea of not guilty. The judge may conduct a hearing without the assistance of counsel or may be assisted by the prosecuting attorney or by an attorney appointed for that purpose. The defendant is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and testify in his or her own defense. All issues of law and fact shall be heard and determined by the judge.
(Emphasis added).
This Court has held that “indirect criminal contempt may be punished only after strict compliance with the guidelines set forth in Florida Rule of Criminal Procedure 3.840, and failure to strictly follow rule 3.840 constitutes fundamental, reversible error.” Berlow v. Berlow, 21 So.3d 81, 84 (Fla. 3d DCA 2009) (internal citations omitted). See also Baumgartner v. Joughin, 105 Fla. 335, 141 So. 185, 187 (1932) (“Due process of law in the prosecution of contempt, except that committed in open court, requires that the accused should be advised of the charges against him and have a reasonable opportunity to meet them by way of defense or explanation. This includes the right to assistance of counsel, if requested, and the right to call witnesses to give testimony, relevant either to the issue of complete exculpation or in extenuation of the offense, and in mitigation of the penalty to be imposed.”).
We conclude that, under the circumstances of this case, Gratz established that six days (and only four business days) was insufficient time for his counsel to prepare for the final contempt hearing. The issue in this case was not the act (which Gratz acknowledged), but whether the act was committed in willful disobedience of the court’s orders (which Gratz denied). Willfulness is an essential element of criminal contempt, Wells v. State, 654 So.2d 146 (Fla. 3d DCA 1995), and, *1223 like any other element, must be established beyond a reasonable doubt. Gompers v. Buck’s Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911); Parisi v. Broward Cnty., 769 So.2d 359 (Fla.2000). Defense counsel sought a continuance of the contempt hearing to subpoena witnesses who could have provided testimony on a central issue of the show cause order: whether Gratz’s conduct was in willful disobedience of the court’s orders. In denying the motion for continuance, the trial court abused its discretion.
Accordingly, we reverse the lower court’s order adjudging Gratz in indirect criminal contempt of court and vacate the sentence. We remand this cause for proceedings consistent with this opinion.[4]

. Gratz used the GEICO settlement check to pay for legal fees and expert witness costs incurred in connection with contesting Loretta's motion for relocation of their minor daughter. Gratz was represented in the personal injury matter and in the relocation proceeding by attorney Samuel Kaufman.

. Defense counsel indicated he could not choose the latest of the three dates (August 20) because he was scheduled to begin a homicide trial the following day and needed time to complete his final trial preparation for that case.

.The State contends that defense counsel’s statement of readiness, together with their agreement to the "selection” of the August 16 hearing date, constitute a waiver of any right to raise on appeal the court’s denial of a motion for continuance. Given the limited choices of trial dates afforded the defense, and defense counsel’s immediate clarification of his readiness (and articulated reasons why a continuance was necessary), we reject the State's waiver argument.

. Gratz also contends that he was entitled to discovery, a witness list from the "prosecution,” and an opportunity to take depositions, consistent with the provisions of Florida Rule of Criminal Procedure 3.220. Because we base our decision on the trial court’s failure to allow the defense a reasonable time to exercise his right to compulsory process for the attendance of witnesses, we need not reach the issue of whether a contemnor in an indirect criminal contempt proceeding is entitled, as a matter of right, to the procedural rights provided by Rule 3.220. We note, however, that our caselaw holds that "criminal contemnors are entitled to the same constitutional due process protections afforded criminal defendants in a more typical criminal proceeding.” De Castro v. De Castro, 957 So.2d 1258, 1260 (Fla. 3d DCA 2007) (emphasis added); De Mauro v. State, 632 So.2d 727 (Fla. 3d DCA 1994). Moreover, Florida Rule of Criminal Procedure 3.840(d), in its enumeration of rights to be afforded a defendant in an indirect criminal contempt, provides no right to participate in discovery, receive a witness list, or take depositions.