DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOFER KORN,**
Appellant,

v.

**DONNA KORN,**
Appellee.

No. 4D14-4341

[December 4, 2015]

CORRECTED OPINION

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Laura M. Watson, Judge; L.T. Case No. FMCE 13-014983 (42/98).

H. Scott Hecker, Fort Lauderdale, for appellant.

Terry Ellen Fixel of Fixel & LaRocco, Hollywood, for appellee.

GROSS, J.

We reverse an order of indirect criminal contempt for two reasons. First, the two and one-half days between the issuance of the order to show cause and the final hearing was not a "reasonable time" for preparation of a defense under Florida Rule of Criminal Procedure 3.840(a). Second, the trial judge violated appellant's privilege against self-incrimination by construing his silence at the contempt hearing as an admission of guilt.

In a divorce proceeding, the court ordered appellant to have no direct or indirect contact with his wife, the appellee. The wife moved for contempt, saying that appellant violated this order. On November 3, 2014, the circuit court entered an order to show cause for indirect criminal contempt "finding" that appellant has "threatened to kill and mutilate his Wife." The order to show cause provided no specifics—date, time, place, method of communication—concerning any threat. The order makes reference to and incorporates the wife's motion for contempt. That motion

is also devoid of many specifics.[1]  The order to show cause ordered appellant to appear on November 6, 2014 at 3:00 p.m.

On November 5, appellant's lawyer moved for a continuance.  She wished to take depositions of "essential witnesses."  Having met with appellant for the first time about the order to show cause on November 5, the lawyer said she needed more time to prepare for the criminal contempt hearing.

Before the November 6 contempt hearing began, the appellant's lawyer argued that the motion for contempt was vague and did not contain the offending e-mails and text messages alleged to have been sent.  Discovery was necessary, the lawyer argued, to flesh out the charges.  Also, appellant's lawyer said that a criminal law attorney had been hired the previous day to handle the contempt charges.  The circuit judge ruled that two days was enough time to prepare a defense and denied the motion for continuance.

During the contempt hearing, when the wife's lawyer sought to question appellant about any direct or indirect contact with his wife, appellant invoked his Fifth Amendment right not to testify, on the advice of counsel. At the close of the hearing, the circuit judge found that the appellant failed to comply with the "no contact" order; the judge said that appellant had "invoked the Fifth Amendment right not to incriminate [himself] and not put forth any mitigating evidence, thus this Court draws negative inference from [appellant's] failure to testify."[2]  The court adjudicated appellant to be guilty of contempt and sentenced him to 45 days in jail.

In this case, the concept of due process embedded in Rule 3.840 required that appellant have more than two days to prepare for the contempt hearing.

Controlled by Florida Rule of Criminal Procedure 3.840, indirect criminal contempt is subject to the Florida Rules of Criminal Procedure. *See* Fla. R. Crim. P. 3.010.  An order to show cause must state "the

---

[1]The motion says generally that appellant "has repeatedly texted and e-mailed lengthy missives to the" wife "as well as left a handwritten letter for her in the residence with content which has previously concerned this Court and is of a disturbing nature.  Copies of these documents shall be presented to the Court at the time of the hearing."  The motion also generally asserts that appellant "has attempted to have and has initiated telephonic communications with" the Wife.
[2]The written contempt order incorporates the court's oral findings and reaffirms that the court drew "a negative inference from [appellant's] failure to testify."

essential facts constituting the criminal contempt charged" and set a time and place for a hearing "with a reasonable time allowed for preparation of the defense after service of the order on the defendant." Fla. R. Crim. P. 3.840(a). Here, the imprecision of the order to show cause–the failure to specifically delineate the "essential facts constituting the criminal contempt"–necessitated more than two and one-half days to prepare a defense. Appellant was entitled to take discovery to prepare to defend against the contempt.

This case is similar to the other cases that have held that two days is not sufficient time to prepare to defend against an indirect criminal contempt charge. *See Russ v. State*, 622 So. 2d 501, 502 (Fla. 5th DCA 1993) (two days after service of order to show cause held insufficient); *Goral v. State*, 553 So. 2d 1282, 1283 (Fla. 3d DCA 1989) (two "actual working days notice of the contempt hearing" held insufficient); *see also Gratz v. State*, 84 So. 3d 1219, 1222 (Fla. 3d DCA 2012) (holding six days notice to defense counsel was "insufficient time for counsel to prepare for final contempt hearing"); *Givner v. State*, 559 So. 2d 466 (Fla. 4th DCA 1990) (holding that serving order to show cause on "the 26th for a contempt hearing on the 29th was insufficient notice"); *Woolf v. Woolf*, 901 So. 2d 905, 911 (Fla. 4th DCA 2005) (holding that two days notice is "insufficient notice" of a civil contempt hearing).

A second basis for reversal is that the trial judge violated appellant's Fifth Amendment right against self-incrimination when she drew a negative inference from his failure to testify.

"The Fifth Amendment to the United States Constitution provides in pertinent part that no person 'shall be compelled in any criminal case to be a witness against himself[.]' This protection exists primarily to 'assure that an individual is not compelled to produce evidence which later may be used against him as an accused in a criminal action.'" *Jenkins v. Wessel*, 780 So. 2d 1006, 1007 (Fla. 4th DCA 2001) (quoting *Maness v. Meyers*, 419 U.S. 449, 461 (1975)).

A defendant in a criminal contempt proceeding is entitled to "the same constitutional due process protections to which criminal defendants are entitled." *Pompey v. Cochran*, 685 So. 2d 1007, 1012 (Fla. 4th DCA 1997). "Among these constitutional safeguards are the right to be represented by counsel . . . and the privilege against self-incrimination." *Id.* (citation omitted).

The Supreme Court has held "that in a criminal contempt proceeding the contemnor is presumed to be innocent until proved guilty beyond a

reasonable doubt and he cannot be compelled to testify against himself. This is obviously so for the reason that the character and purpose of the adjudication of guilt, if it should follow, is for punishment rather than mere coercion." *Demetree v. State ex rel. Marsh*, 89 So. 2d 498, 502 (Fla. 1956). Citing to *Demetree*, the Second and Third DCAs have held that it was error to force a defendant in a criminal contempt proceeding to testify. *See Harvey v. State*, 32 So. 3d 61, 62 (Fla. 2d DCA 2008); *Dudley v. State*, 511 So. 2d 1052, 1057 (Fla. 3d DCA 1987).

Where a defendant claims the privilege against self-incrimination "it is not to be construed as an inference of guilt." *Petition for Revision of, or Amendment to, Integration Rule of Florida Bar*, 103 So. 2d 873, 875 (Fla. 1956). In fact, in a jury trial, even "a comment on the right to remain silent strikes at the heart of our criminal justice system," and therefore, "[c]ommenting on a defendant's failure to testify is a serious error." *Marston v. State*, 136 So. 3d 563, 571 (Fla. 2014) (citations omitted). It is basic constitutional law that neither a jury nor a judge acting as the finder of fact can draw a negative inference from a defendant's invocation of the right against self-incrimination. Appellant did not waive the privilege by testifying about uncontested, preliminary matters such as his name and address.

*Reversed and remanded for further proceedings consistent with this opinion.*

MAY and CONNER, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***