# Third District Court of Appeal

## State of Florida

Opinion filed May 17, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-963
Lower Tribunal No. 17-15124 ZZZ

_____

**Travis White,**
Petitioner,

vs.

**Daniel Junior, etc., et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Gabrielle Raemy Charest-Turken, Assistant Attorney General, for respondent The State of Florida.

Before SUAREZ, C.J., and EMAS and LOGUE, JJ.

EMAS, J.

Travis White files this petition for writ of habeas corpus, following the trial court's entry of a judgment of direct criminal contempt, sentencing White to seven days in jail. We grant the petition.

The cause pending below is a dependency proceeding involving White's son, T.D. White is seeking custody of his son and, during a hearing on April 25, 2017, the trial court ordered White to submit to a drug test[1] and then to return to court. White left the courtroom and the court's bailiff instructed White where to go for the court-ordered drug test. White did not return to the courtroom, and it was later discovered that White did not submit to the drug test. The trial court issued an order directing White to appear in court two days later (on April 27, 2017) and show cause why he should not be held in direct criminal contempt for failing to submit to the court-ordered drug test and for failing to return to court.

At the April 27 final hearing, the trial court appointed counsel for White. Counsel requested additional time to investigate and prepare a defense for his newly-appointed client. The trial court denied this request and proceeded to a final hearing, after which the trial court adjudged White guilty of direct criminal contempt, took him into custody, and sentenced him to seven days in the Miami-Dade County jail.[2]

---

[1] See Fla. R. Juv. P. 8.250(b) (providing trial court with authority, under certain circumstances, to order drug testing of a person requesting custody of a child).
[2] White filed a motion requesting the trial court stay the judgment and sentence to permit White the opportunity to seek appellate review. The trial court denied that

2

White contends that the contempt proceedings below were improperly prosecuted as a direct criminal contempt rather than an indirect criminal contempt. This is a significant distinction, as a defendant subject to indirect criminal contempt proceedings is accorded a panoply of procedural and substantive due process safeguards not afforded to a direct criminal contemnor. See Fla. R. Crim. P. 3.840(a)-(g) (providing, inter alia, that an indirect criminal contempt proceeding requires: the issuance of a written order to show cause stating the essential facts constituting the criminal contempt; the right to be represented by counsel; a reasonable time for preparation of a defense after service of the show cause order; an arraignment on the charge; an opportunity to seek a statement of particulars or file motions and an answer to the show cause order; a formal final hearing on the charge; the right to compulsory process for the attendance of witnesses at that hearing; and the right to testify in his or her own defense).   By contrast, a direct criminal contempt, which involves conduct occurring "in the actual presence of the court," see Fla. R. Crim. P. 3.830, "may be punished summarily." Id.[3]

motion, and White filed the instant petition as well as a motion for review of the order denying stay. We issued a temporary stay of the judgment and sentence, and ordered White's immediate release from custody, pending disposition of the instant petition.

[3] Direct criminal contempt is restricted to conduct that occurs in the presence of the court, constitutes an affront to the court's authority, disrupts an ongoing proceeding, and requires immediate action by the trial court to vindicate its authority.  State v. Diaz de la Portilla, 177 So. 3d 965, 973 (Fla. 2015).  Treating the conduct alleged in the instant case as a direct criminal contempt "does not fulfill the purpose of this narrow form of contempt." Id.

3

The instant case manifestly required that any contempt proceedings be prosecuted as an indirect, rather than a direct, criminal contempt. The Florida Supreme Court, in Plank v. State, 190 So. 3d 594, 606 (Fla. 2016), recently reaffirmed the principle established by the United States Supreme Court in In re Oliver, 333 U.S. 257 (1948):

> In order to be considered direct criminal contempt, all of the acts underlying the contemptuous conduct must be committed in open court in the presence of the judge, "where all of the essential elements of the misconduct are under the eye of the court [and] are actually observed by the court." Oliver, 333 U.S. at 275, 68 S.Ct. 499. If the judge needs to rely on statements and testimony from others regarding their knowledge about the contemptuous acts, the misconduct is no longer considered direct criminal contempt because additional testimony or explanation is necessary. Id. at 275–76, 68 S.Ct. 499. As the Supreme Court has stressed, "the judge must have personal knowledge of [the misconduct] acquired by his own observation of the contemptuous conduct." Id. at 275, 68 S.Ct. 499. "[K]nowledge acquired from the testimony of others, or even from the confession of the accused, would not justify conviction without a trial in which there was an opportunity for defense." Id.

Commendably, the State concedes that the trial court erred in prosecuting this matter as a direct, rather than an indirect, criminal contempt.[4] We agree, and

[4] The State nevertheless contends that the trial court's error was harmless, positing that the trial court afforded White all of the protections mandated for an indirect criminal contempt. We reject this contention, as White's counsel was appointed just minutes before commencement of the final hearing (and the final hearing was held just two days after the show cause order was issued). White's newly-appointed counsel, who was not present at the earlier hearing when the alleged conduct occurred, requested additional time to investigate and prepare a defense, including an opportunity to review the audio recording of that earlier hearing and speak with potential witnesses; and to investigate White's mental health status and gather any potential mitigating evidence. The trial court denied this request. We

accordingly grant the petition, vacate the judgment of direct criminal contempt, and vacate the sentence imposed upon that judgment. We remand this cause to the trial court for further proceedings, if appropriate,[5] as an indirect criminal contempt.

---

conclude that White was not afforded "a reasonable time. . . for preparation of the defense after service of the order on the defendant." Fla. R. Crim. P. 3.840(a). <u>See</u> <u>Gratz v. State</u>, 84 So. 3d 1219 (Fla. 3d DCA 2012); <u>Goral v. State</u>, 553 So. 2d 1282 (Fla. 3d DCA 1989); <u>Korn v. Korn</u>, 180 So. 3d 1122 (Fla. 4th DCA 2015); <u>Russ v. State</u>, 622 So. 2d 501 (Fla. 5th DCA 1993).

[5] We note that, by the time this court issued its temporary stay and ordered White's immediate release, he had already spent two days in jail.