THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KURTIS L. SMITH, Defendant-Appellant.

Third District   No. 3—03—0492

Opinion filed March 30, 2004.

Joseph M. Borsberry (argued), of Reynolds, Murphy & Associates, P.C., of Peoria, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Lawrence M. Bauer and

Richard T. Leonard (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

On December 18, 2001, appellant Kurtis Smith was indicted for the crime of indecent solicitation of a child. Smith was found guilty following a stipulated bench trial on February 4, 2003. Smith appeals his conviction.

## FACTS

On December 18, 2001, Smith was charged by indictment with indecent solicitation of a child, a Class 3 felony. On May 22, 2002, Smith filed a motion to declare section 11—6(a) of the Criminal Code of 1961 (720 ILCS 5/11—6(a) (West 2000)), the statute under which he was charged, unconstitutional. Smith argued that the statute inhibits free speech, is unconstitutionally vague, and violates the equal protection clauses of the United States and Illinois Constitutions. The trial court denied the motion on November 22, 2002.

A stipulated bench trial was held on February 4, 2003. Smith stipulated to the following facts presented by the State. On December 4, 2001, Detective James Feehan of the Peoria police department entered a chat room at www.gay.com under the screen name "Hotwes15." Detective Feehan began a discussion with someone whose screen name was "Bi-masculine Guy." Detective Feehan portrayed himself as a 15-year-old boy. During the course of the exchange in the chat room, the two agreed to meet at Circuit City in Peoria, Illinois, at 1:30 p.m. for the purpose of engaging in oral sex. Detective Feehan indicated he would be wearing a black baseball cap, and the other individual indicated he would be driving a black sport utility vehicle. Detective Feehan and other officers proceeded to Circuit City at the appointed time and observed a black sport utility vehicle with the license plate "Kurt 64." When Detective Feehan approached the vehicle, Smith indicated that he knew why the detective was there. Smith was placed under arrest, received *Miranda* warnings, and was questioned. During the course of questioning, Smith admitted he was the individual who engaged in a discussion with "Hotwes15," whom Smith believed to be a 15-year-old boy, and came to Peoria for the purpose of engaging in a sexual act with him.

The trial judge found that the State proved that Smith violated the indecent-solicitation-of-a-child statute and convicted Smith of the offense. On May 23, 2003, Smith was sentenced to 30 months of probation and was ordered to pay probation costs, court costs and assessments. Smith was further ordered to register as a sex offender and provide DNA samples. Finally, Smith was prohibited from using the

Internet other than for employment purposes and was ordered to continue sex offender counseling. Smith appeals his conviction.

## ANALYSIS

■ Smith takes issue with the constitutionality of section 11—6(a) of the Criminal Code, which states:

"A person of the age of 17 years and upwards commits the offense of indecent solicitation of a child if the person, with the intent that the offense of aggravated criminal sexual assault, criminal sexual assault, predatory criminal sexual assault of a child, or aggravated criminal sexual abuse be committed, knowingly solicits a child or one whom he or she believes to be a child to perform an act of sexual penetration or sexual conduct as defined in Section 12—12 of this Code." 720 ILCS 5/11—6(a) (West 2000).

Whether a statute is constitutional is an issue of law which we review *de novo. People v. Williams*, 329 Ill. App. 3d 846, 851, 769 N.E.2d 518, 522 (2002).

Smith first argues that section 11—6(a) of the Criminal Code is unconstitutionally overbroad and infringes on the first amendment right to freedom of speech. Smith does not argue that the statute is unconstitutional as applied to him. Rather, Smith argues that a person age 17 or older would be engaging in constitutionally protected speech if he or she asks a 16-year-old spouse for an act of sexual penetration, yet that person could be prosecuted for indecent solicitation of a child because there is no exception for married people.

■ ■ Generally, a person to whom a statute may constitutionally be applied will not be permitted to challenge the statute on the ground that it could in another context be applied unconstitutionally to another party. *People v. Holder*, 96 Ill. 2d 444, 449, 451 N.E.2d 831, 833 (1983). However, that traditional rule of standing does not apply when a person is asserting first amendment rights. *Holder*, 96 Ill. 2d at 449, 451 N.E.2d at 833. In determining whether a statute is overbroad, the United States Supreme Court has stated the overbreadth must be substantial before a statute regulating conduct will be invalidated on its face. *Broadrick v. Oklahoma*, 413 U.S. 601, 37 L. Ed. 2d 830, 93 S. Ct. 2908 (1973). The Court recognized that, particularly where conduct and not merely speech is involved, the overbreadth of a statute must "not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Broadrick*, 413 U.S. at 615, 37 L. Ed. 2d at 842, 93 S. Ct. at 2918. In *New York v. Ferber*, 458 U.S. 747, 73 L. Ed. 2d 1113, 102 S. Ct. 3348 (1982), the United States Supreme Court employed the substantial overbreadth test to uphold a child pornography statute. The Court noted that while the statute could conceivably be employed to inhibit

protected expression, such as pictures for use in medical textbooks, the court did not believe that these arguably impermissible applications of the statute amount to more that a tiny fraction of materials within the State's reach. *Ferber*, 458 U.S. at 773, 73 L. Ed. 2d at 1133, 102 S. Ct. at 3363. The Court further explained that the statute presented the "paradigmatic case of a state statute whose legitimate reach dwarfs its arguably impermissible applications" and that " 'whatever overbreadth may exist should be cured by thorough case-by-case analysis of the fact situations to which its sanctions *** may not be applied.' " *Ferber*, 458 U.S. at 773-74, 73 L. Ed. 2d at 1133, 102 S. Ct. at 3363, quoting *Broadrick*, 413 U.S. at 615-16, 37 L. Ed. 2d at 842, 93 S. Ct. at 2918.

■ As in *Ferber*, the instant case presents a situation where the legitimate goal of the statute far surpasses any potential unlawful applications. The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance. *Ferber*, 458 U.S. at 757, 73 L. Ed. 2d at 1123, 102 S. Ct. at 3355. The circumstances and likelihood of the State seeking to enforce the statute with regard to a married couple where one of the spouses is age 17 and one is 16 years old or under would seemingly comprise an exceedingly small number of prosecutions under the statute. Furthermore, should a spouse be prosecuted for conduct in the context of a marital relationship under the statute, the court could consider the constitutionality of the statute as applied to the married person on a case-by-case basis as suggested by *Ferber*. Therefore, any flaw in section 11—6(a) of the Criminal Code is not of substantial concern when viewed in the context of the statute as a whole and therefore it need not be struck as overbroad.

■ Smith next argues that section 11—6 is unconstitutionally vague. The due process vagueness standard is comprised of three elements. First, the statute must not be so vague that men of common intelligence must necessarily guess at its meaning or application. *People v. Garrison*, 82 Ill. 2d 444, 453, 412 N.E.2d 483, 488 (1980). Second, the statute must provide sufficiently definite standards for law-enforcement officers and triers of fact that its application does not depend merely on their private conceptions. *Garrison*, 82 Ill. 2d at 453, 412 N.E.2d at 488. Finally, if the statute implicates first amendment expressive rights, it must not be so vague as to chill their free exercise. *Garrison*, 82 Ill. 2d at 453, 412 N.E.2d at 488. We need not be concerned with this last element because, as discussed above, the statute in this case does not impinge on first amendment rights.

■ Smith presents a number of hypothetical situations in arguing that section 11—6 is vague. For example, Smith suggests that a situa-

tion could arise where a defendant would engage in sexual role-playing or fantasy in which one of the participants pretends to be under the age of 16, but both participants are aware that the other is over the age of 17. The underlying requirement of due process is that an individual cannot be held to have violated a statute unless he could reasonably be expected to understand that his particular conduct was proscribed. *Garrison*, 82 Ill. 2d at 454, 412 N.E.2d at 488-89. A defendant therefore may be prosecuted under a statute without violating his due process rights if his conduct clearly falls within the statutory proscription even though the statute may be vague as to other conduct. *Garrison*, 82 Ill. 2d at 454, 412 N.E.2d at 489.

In the instant case, evidence presented at the stipulated bench trial proved that Smith is over 17 years of age and solicited a sexual act from a person whom he believed to be a 15-year-old boy. Therefore, Smith cannot challenge the statute for vagueness because he engaged in conduct that falls squarely within the statutory proscription of section 11—6.

■ Finally, Smith argues that section 11—6 violates a fundamental right to ask for acts of sexual penetration or conduct from spouses. Smith does not contend that this right was violated in the context of his case, but that the statute could conceivably be employed to prosecute a 17-year-old spouse where he or she solicits the other spouse to engage in sexual activity where that spouse is age 16. However, a person lacks standing to challenge the constitutionality of a statute unless he is directly affected by the alleged unconstitutionality or unless he claims that the statute may inhibit the exercise of rights protected under the first amendment. *People v. Terrell*, 132 Ill. 2d 178, 212, 547 N.E.2d 145, 159 (1989). As discussed above, Smith's first amendment claim is without merit. Therefore, because section 11—6 can be constitutionally applied to Smith, he cannot challenge the statute's constitutionality on the ground that it may be applied unconstitutionally to others in a different situation.

For the foregoing reasons, Smith's conviction is affirmed.

Affirmed.

HOLDRIDGE, P.J., and SCHMIDT, J., concur.