724 S.E.2d 664

**The STATE, Respondent,**

v.

**Benjamin P. GREEN, Appellant.**

No. 27108.

Supreme Court of South Carolina.

Heard Feb. 23, 2012.

Decided April 4, 2012.

Rehearing Denied May 3, 2012.

Deputy Chief Appellate Defender, Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General William M. Blitch, Jr., of Columbia, Solicitor James Strom Thurmond, Jr., of Aiken, for Respondent.

Justice BEATTY.

Benjamin P. Green appeals his convictions for criminal solicitation of a minor [1] and attempted criminal sexual conduct ("CSC") with a minor in the second-degree.[2] In challenging his convictions, Green contends the trial judge erred in: (1) denying his motion to dismiss the charge of criminal solicitation of a minor on the ground the statute is unconstitutionally overbroad and vague; (2) denying his motions to dismiss and for a directed verdict on the charge of attempted CSC with a minor in the second-degree; (3) admitting certain photographs; and (4) denying his request for a jury charge on attempted assault and battery of a high and aggravated nature ("ABHAN"). We affirm.

## I. Factual/Procedural History

On October 13, 2006 at 5:38 p.m., Green entered a Yahoo! online chat room under the screen name "blak slyder" and initiated an online chat with "lilmandy14sc" ("Mandy"). On Mandy's profile page was a picture of a female sitting on a bed. Unbeknownst to Green, Mandy was actually an online persona created by Investigator Tommy Platt of the Aiken

---

1. S.C.Code Ann. § 16–15–342 (Supp.2011):

2. S.C.Code Ann. § 16–3–655(B)(1) (Supp.2011).

County Sheriff's Office as part of the Internet Crimes Against Children Task Force.

In response to Green's initial question, Mandy answered "i hooked up with a 16 year old." Green then asked Mandy, "how young are you?" to which Mandy stated, "14." Green countered that he was "21." [3] Immediately thereafter, the chat turned sexual in nature with Green asking Mandy whether she would have sex with him. During the chat, Green sent Mandy two pictures of his penis and stated that he could "show it to [her] in person." [4] Green then arranged to meet Mandy at 7:30 p.m. on a secluded road in Beech Island, South Carolina, which is located in Aiken County.

When Green arrived at the predetermined location, he was met by several law enforcement officers who arrested him. In response to the officers' questions, Green admitted that "he was there to meet a 14–year–old girl." A search of Green's vehicle revealed a cell phone, a bottle of alcohol, two DVDs, condoms, male enhancement cream and drugs, and handwritten directions to the location.

Subsequently, Green was indicted and ultimately convicted by a jury for criminal solicitation of a minor and attempted CSC with a minor in the second-degree. Green appealed his convictions to the Court of Appeals. This Court certified the appeal from the Court of Appeals pursuant to Rule 204(b) of the South Carolina Appellate Court Rules.

## II. Discussion

### A. Constitutionality of Criminal Solicitation of a Minor Statute

■ In a pre-trial hearing and at the conclusion of the State's case, Green moved for the trial judge to declare unconstitutional section 16–15–342, the criminal solicitation of a minor statute, on the grounds it is overbroad and vague. Specifically, he claimed the statute is not narrowly tailored

---

3. At the time of the chat, Green was actually twenty-seven years old as his date of birth is December 9, 1978.

4. The officers executed a search warrant for Green's home computer and discovered the photographs that Green sent to Mandy during the online chat.

and, as a result, "chills free speech." The judge summarily denied the motion.

On appeal, Green challenges section 16–15–342 as facially overbroad because one can be found guilty under the statute "when he contacts a minor for any one of six activities under 16–15–375(5) or any one of at least twenty-nine activities under 16–1–60." Because the statute does not identify what forms of communication are prohibited, Green claims the content of any communication would "trigger a violation of the statute." Ultimately, Green claims the statute is "so overbroad that it ensnares" protected speech.

In a related argument, Green asserts this lack of specificity demonstrates that the statute is vague. Green contends the provisions of the statute are vague as to "what forms of communications and what content of such communications would be criminalized as solicitations." Because the statute is not sufficiently definite, Green avers that "[a] person of ordinary intelligence would not know what speech, expression or contact would result in a violation of the statute."

"When the issue is the constitutionality of a statute, every presumption will be made in favor of its validity and no statute will be declared unconstitutional unless its invalidity appears so clearly as to leave no doubt that it conflicts with the constitution." *State v. Gaster,* 349 S.C. 545, 549–50, 564 S.E.2d 87, 89–90 (2002). "This presumption places the initial burden on the party challenging the constitutionality of the legislation to show it violates a provision of the Constitution." *State v. White,* 348 S.C. 532, 536–37, 560 S.E.2d 420, 422 (2002).

Applying these well-established rules regarding the constitutionality of a statute, our analysis begins with a review of the text of the challenged statute. Section 16–15–342 provides in pertinent part:

(A) A person eighteen years of age or older commits the offense of criminal solicitation of a minor if he knowingly contacts or communicates with, or attempts to contact or communicate with, a person who is under the age of eighteen, or a person reasonably believed to be under the age of eighteen, for the purpose of or with the intent of persuading, inducing, enticing, or coercing the person to engage or

participate in a sexual activity as defined in Section 16–15–375(5) or a violent crime as defined in Section 16–1–60, or with the intent to perform a sexual activity in the presence of the person under the age of eighteen, or person reasonably believed to be under the age of eighteen.

(B) Consent is a defense to a prosecution pursuant to this section if the person under the age of eighteen, or the person reasonably believed to be under the age of eighteen, is at least sixteen years old.

(C) Consent is not a defense to a prosecution pursuant to this section if the person under the age of eighteen, or the person reasonably believed to be under the age of eighteen, is under the age of sixteen.

(D) It is not a defense to a prosecution pursuant to this section, on the basis of consent or otherwise, that the person reasonably believed to be under the age of eighteen is a law enforcement agent or officer acting in an official capacity.

S.C.Code Ann. § 16–15–342 (Supp.2011). Section 16–15–375 defines "sexual activity" by identifying six acts, which include "vaginal, anal, or oral intercourse" and "touching, in an act of apparent sexual stimulation or sexual abuse." S.C.Code Ann. § 16–15–375(5) (2003).

### 1. Overbroad [5]

■ "It has long been recognized that the First Amendment needs breathing space and that statutes attempting to restrict or burden the exercise of First Amendment rights must be narrowly drawn and represent a considered legislative judgment that a particular mode of expression has to give way to other compelling needs of society." *Broadrick v. Oklahoma,* 413 U.S. 601, 611–12, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973).

In discussing the overbreadth doctrine, the United States Supreme Court ("USSC") has stated:

---

**5.** Although we have not definitively ruled on an overbreadth challenge to the statute at issue, we have implicitly rejected a First Amendment objection. *See State v. Gaines,* 380 S.C. 23, 28 n. 1, 667 S.E.2d 728, 731 n. 1 (2008) (affirming defendant's convictions for criminal solicitation of a minor and stating, "the First Amendment does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent").

According to our First Amendment overbreadth doctrine, a statute is facially invalid if it prohibits a substantial amount of protected speech. The doctrine seeks to strike a balance between competing social costs. On the one hand, the threat of enforcement of an overbroad law deters people from engaging in constitutionally protected speech, inhibiting the free exchange of ideas. On the other hand, invalidating a law that in some of its applications is perfectly constitutional—particularly a law directed at conduct so antisocial that it has been made criminal—has obvious harmful effects. In order to maintain an appropriate balance, we have vigorously enforced the requirement that a statute's overbreadth be *substantial,* not only in an absolute sense, but also relative to the statute's plainly legitimate sweep. Invalidation for overbreadth is strong medicine that is not to be casually employed.

*United States v. Williams,* 553 U.S. 285, 292–93, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008) (citations omitted) (emphasis in original). "To put the matter another way, particularly where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Broadrick,* 413 U.S. at 615, 93 S.Ct. 2908.

In analyzing Green's constitutional challenge to section 16–15–342, we initially note that speech used to further the sexual exploitation of children has been routinely denied constitutional protection as the State has a compelling interest in preventing the sexual abuse of children. In fact, the USSC has expressly stated that "[o]ffers to engage in illegal transactions are categorically excluded from First Amendment protection." *Williams,* 553 U.S. at 297, 128 S.Ct. 1830. Moreover, "[c]ourts have recognized that speech used to further the sexual exploitation of children does not enjoy constitutional protection, and while a statute may incidentally burden some protected expression in carrying out its objective, it will not be held to violate the First Amendment if it serves the compelling interest of preventing the sexual abuse of children and is no broader than necessary to achieve that purpose." *Cashatt v. State,* 873 So.2d 430, 434–35 (Fla.Dist.Ct.App.2004); *see New York v. Ferber,* 458 U.S. 747, 756–57, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) (recognizing that the prevention of sexual

exploitation of children and abuse of children constitutes a government objective of surpassing importance).

In view of this compelling interest, the question becomes whether section 16–15–342 is narrowly tailored to achieve the interest for which it was intended. As will be discussed, we find the statute is narrowly drafted to prohibit criminal conduct rather than protected speech.

Significantly, the statute includes the term "knowingly." Thus, it affects only those individuals who intentionally target minors for the purpose of engaging or participating in sexual activity or a violent crime. Conversely, it does not criminalize any inadvertent contact or communications with minors. *See United States v. Bailey,* 228 F.3d 637, 639 (6th Cir.2000) (concluding that statute proscribing knowing efforts to persuade minors to engage in illegal sexual activity did not violate First Amendment); *State v. Ebert,* 150 N.M. 576, 263 P.3d 918, 922 (Ct.App.2011) (concluding that statute criminalizing child solicitation by electronic communication device was not constitutionally overbroad as "[t]ailoring [was] primarily accomplished through the 'knowingly' scienter requirement"; noting that "the statute does not restrict adults from communicating about sex to children, nor does it restrict adults from soliciting sex from one another over the internet," in fact, "the statute prohibits only that conduct necessary to achieve the State's interest"); *State v. Snyder,* 155 Ohio App.3d 453, 801 N.E.2d 876, 883 (2003) (finding statute that prohibited adults from using telecommunications device to solicit minor for sexual activity is not "aimed at the expression of ideas or beliefs; rather, it is aimed at prohibiting adults from taking advantage of minors and the anonymity and ease of communicating through telecommunications devices, especially the Internet and instant messaging devices, by soliciting minors to engage in sexual activity").

Because the statute does not criminalize protected speech and is narrowly tailored to achieve a compelling state interest, we find the statute is not unconstitutionally overbroad as any alleged overbreadth is unsubstantial when considered in relation to "its plainly legitimate sweep."

## 2. Vague

In view of our finding, the analysis turns to a determination of whether the statute is void for vagueness.

"The concept of vagueness or indefiniteness rests on the constitutional principle that procedural due process requires fair notice and proper standards for adjudication." *City of Beaufort v. Baker*, 315 S.C. 146, 152, 432 S.E.2d 470, 473 (1993) (quoting *State v. Albert*, 257 S.C. 131, 134, 184 S.E.2d 605, 606 (1971)). "The constitutional standard for vagueness is the practical criterion of fair notice to those to whom the law applies." *Huber v. S.C. State Bd. of Physical Therapy Exam'rs*, 316 S.C. 24, 26, 446 S.E.2d 433, 435 (1994). A law is unconstitutionally vague if it forbids or requires the doing of an act in terms so vague that a person of common intelligence must necessarily guess as to its meaning and differ as to its application. *Toussaint v. State Bd. of Med. Exam'rs*, 303 S.C. 316, 400 S.E.2d 488 (1991). "[O]ne to whose conduct the law clearly applies does not have standing to challenge it for vagueness as applied to the conduct of others." *In re Amir X.S.*, 371 S.C. 380, 391, 639 S.E.2d 144, 150 (2006) (citing *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982)).

As an initial matter, we find that Green does not have standing to assert a facial challenge for vagueness as the statute provided adequate notice that his conduct fell within that proscribed by section 16–15–342. Green, who was twenty-seven years old at the time of the offense, knowingly initiated an online chat with a female he reasonably believed to be fourteen years old. As evidenced by the text of the chat, Mandy represented her age to be 14, Green acknowledged that she was too young to drive his vehicle, and admitted to the arresting officers that he was there to meet a fourteen-year-old girl. Moreover, Green's sexually-explicit conversation was intended for no other purpose than to persuade Mandy to engage in sexual activity as defined in section 16–15–675(5).

Even assuming standing, we find that Green's challenge is without merit. We hold that section 16–15–342 is

sufficiently precise to provide fair notice to those to whom the statute applies. The criminal solicitation statute specifically identifies the following distinct elements: "(1) the defendant is eighteen years of age or older; (2) he or she knowingly contacts or communicates with, or attempts to contact or communicate with; (3) a person who is under the age of eighteen, or a person reasonably believed to be under the age of eighteen; (4) for the purpose of or with the intent of persuading, inducing, enticing, or coercing the person to engage or participate in a sexual activity as defined in Section 16–15–375(5) or a violent crime as defined in Section 16–1–60; or (5) with the intent to perform a sexual activity in the presence of the person under the age of eighteen, or person reasonably believed to be under the age of eighteen." *State v. Reid,* 383 S.C. 285, 301, 679 S.E.2d 194, 202 (Ct.App.2009), *aff'd,* 393 S.C. 325, 713 S.E.2d 274 (2011).

Although each of these terms is not defined, we believe a person of common intelligence would not have to guess at what conduct is prohibited by the statute. We also find the Legislature purposefully did not define "contacts" or "communicates," as we believe it sought to encompass all methods of communications. Unlike the solicitation statutes found in other jurisdictions, the South Carolina statute does not confine the method of solicitation strictly to computers.[6] Instead, one charged with this crime could have used a letter, a telephone,

---

**6.** *See, e.g.,* La.Rev.Stat. Ann. § 14:81.3(A)(1) (West 2012) ("Computer-aided solicitation of a minor is committed when a person seventeen years of age or older knowingly contacts or communicates, through the use of electronic textual communication, with a person who has not yet attained the age of seventeen where there is an age difference of greater than two years, or a person reasonably believed to have not yet attained the age of seventeen and reasonably believed to be at least two years younger, for the purpose of or with the intent to persuade, induce, entice, or coerce the person to engage or participate in sexual conduct or a crime of violence as defined in R.S. 14:2(B), or with the intent to engage or participate in sexual conduct in the presence of the person who has not yet attained the age of seventeen, or person reasonably believed to have not yet attained the age of seventeen."); Utah Code Ann. § 76–4–401(2)(a) (Supp.2011) ("A person commits enticement of a minor when the person knowingly uses or attempts to use the Internet or text messaging to solicit, seduce, lure, or entice a minor or another person that the actor believes to be a minor to engage in any sexual activity which is a violation of state criminal law.").

a computer, or other electronic means to communicate with or contact the minor victim.

Based on the foregoing, we conclude that Green has not satisfied his burden to prove that section 16–15–342 violates the First Amendment of the Constitution.

We note that other jurisdictions, which have analyzed statutes similar to this state's, have also determined that the statutes are neither unconstitutionally overbroad nor vague. *See, e.g., Cashatt v. State,* 873 So.2d 430 (Fla.Dist.Ct.App. 2004); *People v. Smith,* 347 Ill.App.3d 446, 282 Ill.Dec. 674, 806 N.E.2d 1262 (2004); *LaRose v. State,* 820 N.E.2d 727 (Ind.Ct.App.2005); *State v. Penton,* 998 So.2d 184 (La.Ct.App. 2008); *State v. Pribble,* 285 S.W.3d 310 (Mo.2009) (*en banc* ); *State v. Rung,* 278 Neb. 855, 774 N.W.2d 621 (2009); *State v. Snyder,* 155 Ohio App.3d 453, 801 N.E.2d 876 (2003); *Maloney v. State,* 294 S.W.3d 613 (Tex.Ct.App.2009); *State v. Gallegos,* 220 P.3d 136 (Utah 2009). *See generally* Marjorie A. Shields and Jill M. Marks, Annotation, *Validity, Construction, and Application of State Statutes Prohibiting Child Luring as Applied to Cases Involving Luring of Child by Means of Electronic Communications,* 33 A.L.R.6th 373, §§ 4–10 (2008 & Supp.2012) (analyzing state cases that have determined state child-luring statute was constitutionally valid).

Having rejected Green's constitutional challenges, the question becomes whether the trial judge erred in declining to grant Green's motions to dismiss or for a directed verdict as to the charged offenses.

## B. Motions to Dismiss and for a Directed Verdict

 Prior to trial, Green moved to dismiss the charged offenses. In support of this motion and his directed verdict motion, Green claimed it was legally impossible to "carry out the criminal sexual conduct" because the alleged victim was not a minor but, rather, a fictitious person created by Investigator Platt. During trial, Green also established that the picture on Mandy's profile page was actually that of Lynda Williamson, a twenty-four-year-old former probation officer who provided the photograph to an investigator with the Aiken County Sheriff's Office. Because the woman in the picture was "over the age of consent," Green claimed he could

not be convicted of attempted CSC with minor in the second-degree.

As an additional ground, Green asserted the State failed to prove his specific intent to commit CSC with a minor in the second-degree and an overt act in furtherance of the crime. During his argument, Green pointed to the text of the online chat where he stated that he would not pressure Mandy to do anything that she did not want to do and that she could change her mind about having sex.

On appeal, Green reiterates these arguments in support of his contention that the trial judge erred in denying his motions to dismiss and for a directed verdict. In addition, Green elaborates on his claim of legal impossibility. Citing *United States v. Frazier*, 560 F.2d 884 (8th Cir.1977), Green explains that this defense applies "where the impossibility of a defendant's successfully committing a crime eliminates the culpability of his having tried to do so." According to this statement, Green claims he should not have been convicted of the charged offenses as he "could not commit criminal sexual conduct with a fictitious person."

## 1. Legal Impossibility

"[L]egal impossibility occurs when the actions that the defendant performs or sets in motion, even if fully carried out as he or she desires, would not constitute a crime, whereas factual impossibility occurs when the objective of the defendant is proscribed by the criminal law but a circumstance unknown to the actor prevents him or her from bringing about that objective." 21 Am.Jur.2d *Criminal Law* § 156 (2008). "According to some authorities, legal impossibility is a defense to a charge of attempt, but factual impossibility is not." *Id.* In view of this distinction and Green's arguments, we have confined our analysis of this issue to the defense of legal impossibility.

As we interpret Green's trial and appellate arguments, his claim of legal impossibility encompasses both the solicitation charge and the CSC charge. Specifically, the intent element in the solicitation statute and the necessary intent for the attempted CSC charge warrant a similar analysis with respect

to Green's challenge that no actual minor was involved. Accordingly, we address Green's claims as to both charges.

Section 16–15–342(D) definitively discounts Green's arguments with respect to the solicitation charge as this provision states, "It is not a defense to a prosecution pursuant to this section, on the basis of consent or otherwise, that the person reasonably believed to be under the age of eighteen is a law enforcement agent or officer acting in an official capacity." S.C.Code Ann. § 16–15–342(D) (Supp.2011). Thus, based on the plain language of the statute, the Legislature clearly intended to eliminate the defense of impossibility as to the charge of criminal solicitation of a minor if a law enforcement officer impersonated the minor. *State v. Dingle,* 376 S.C. 643, 659 S.E.2d 101 (2008) (recognizing that in interpreting statutes, appellate courts look to the plain meaning of the statute and the intent of the Legislature).

Similarly, the fact that an actual minor was not the subject of Green's intent did not preclude his prosecution and conviction for attempted CSC with a minor in the second-degree.

A person is guilty of CSC with a minor in the second-degree if "the actor engages in sexual battery with a victim who is fourteen years of age or less but who is at least eleven years of age." S.C.Code Ann. § 16–3–655(B)(1) (Supp.2011). "A person who commits the common law offense of attempt, upon conviction, must be punished as for the principal offense." S.C.Code Ann. § 16–1–80 (2003). "Thus, the elements of attempted CSC with a minor in the second degree are: (1) an attempt; (2) to engage in a sexual battery; (3) with a victim; (4) who is fourteen years of age or less; (5) but who is at least eleven years of age." *Reid,* 383 S.C. at 292, 679 S.E.2d at 197.

 In discussing attempt crimes, this Court has stated, "In the context of an 'attempt' crime, specific intent means that the defendant consciously intended the completion of acts comprising the choate offense." *State v. Sutton,* 340 S.C. 393, 397, 532 S.E.2d 283, 285 (2000). Accordingly, "[t]o prove attempt, the State must prove that the defendant had the *specific intent* to commit the underlying offense, along with some *overt act,* beyond mere preparation in furtherance of the intent." *State v. Reid,* 393 S.C. 325, 329, 713 S.E.2d 274, 276 (2011) (emphasis in the original).

Based on the above-outlined definitions, we find Green's actions were sufficient to prove the offense of attempted CSC with a minor in the second-degree. As noted, an attempt crime does not require the completion of the object offense. Thus, Green was not required to complete the sexual battery in order to be prosecuted and convicted of the offense. Accordingly, the fact that the intended victim was not an actual minor was irrelevant as the State was only required to prove Green had the specific intent to commit a sexual battery on *a victim* between the ages of eleven and fourteen years old coupled with some overt act toward the commission of the offense. *See State v. Curtiss,* 138 Idaho 466, 65 P.3d 207 (Ct.App.2002) (holding that impossibility did not constitute a defense to charge of attempted lewd conduct with a minor under the age of sixteen in a case where detective posed as a fourteen-year-old girl in online chat room); *Hix v. Commonwealth,* 270 Va. 335, 619 S.E.2d 80 (2005) (holding that the fact defendant was communicating with an adult law enforcement officer posing as a child was not a defense to the charge of attempted indecent liberties with a minor).

A decision to this effect is consistent with our state's limited jurisprudence regarding Internet sex crimes. *See Reid,* 383 S.C. at 300, 679 S.E.2d at 201–02 (recognizing "the policy goal of stopping dangerous persons through earlier intervention by law enforcement by punishing the attempted conduct as a crime, especially in any cybermolester type cases where the conduct also clearly manifests or strongly corroborates the intent to commit such a dangerous object crime").

Finally, other state jurisdictions have concluded that a defendant may be prosecuted for criminal solicitation of a minor, as well as attempted sexual offenses, where the online persona is an undercover officer and not an actual minor. *See, e.g., Karwoski v. State,* 867 So.2d 486 (Fla.Dist.Ct.App.2004); *People v. Thousand,* 465 Mich. 149, 631 N.W.2d 694 (2001); *State v. Coonrod,* 652 N.W.2d 715 (Minn.Ct.App.2002); *Shaffer v. State,* 72 So.3d 1070 (Miss.2011); *Johnson v. State,* 123 Nev. 139, 159 P.3d 1096 (2007); *State v. Robins,* 253 Wis.2d 298, 646 N.W.2d 287 (2002).[7]

---

7. The majority of federal jurisdictions have also rejected Green's argument with respect to a similar federal statute, 18 U.S.C. § 2422(b),

## C. Sufficiency of the Evidence As to Specific Intent and Overt Act in Furtherance of Attempted CSC with a Minor

 Finding that an actual minor was not required for the prosecution of the charge of attempted CSC with a minor, the question becomes whether the State proved that Green possessed the requisite intent and that he engaged in some overt act in furtherance of the charge.

Viewing the evidence in the light most favorable to the State, we conclude the trial judge properly denied Green's motion for a directed verdict as to the charge of attempted CSC with a minor in the second-degree. Green clearly expressed his specific intent to have a sexual encounter with Mandy, a fourteen-year-old female. A review of the online chat reveals that Green was not dissuaded by the fact that Mandy stated she was fourteen years old. Instead, Green continued the sexually explicit conversation and sent Mandy pictures of his genitals.

In furtherance of his specific intent, Green committed an overt act in orchestrating a meeting for the sexual encounter. Green asked Mandy whether her parents would let her out after dark and whether he could meet her at her home. Ultimately, Green arranged to meet Mandy on a secluded street that night at a specific time. Green then traveled to the predetermined location where he was arrested and found to be in possession of alcohol, condoms, and male enhancement products. Accordingly, the trial judge properly submitted the

---

which prohibits a person from using the mail or interstate commerce to "knowingly persuade[ ], induce[ ], entice[ ], or coerce[ ]" someone under the age of 18 "to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempt[ ] to do so." *See United States v. Tykarsky*, 446 F.3d 458, 466 (3d Cir.2006) ("After examining the text of the statute, its broad purpose and its legislative history, we conclude that Congress did not intend to allow the use of an adult decoy, rather than an actual minor, to be asserted as a defense to § 2422(b)."); *United States v. Hicks*, 457 F.3d 838, 841 (8th Cir.2006); ("[A] defendant may be convicted of attempting to violate § 2422(b) even if the attempt is made towards someone the defendant believes is a minor but who is actually not a minor."); *see also United States v. Gagliardi*, 506 F.3d 140 (2d Cir.2007); *United States v. Farner*, 251 F.3d 510, 513 (5th Cir.2001); *United States v. Meek*, 366 F.3d 705, 717–20 (9th Cir.2004); *United States v. Sims*, 428 F.3d 945 (10th Cir.2005).

charge to the jury. *See State v. Reid,* 393 S.C. 325, 713 S.E.2d 274 (2011) (finding attempted second-degree CSC with a minor charge was properly submitted to the jury where appellant, who through a chat with an online persona created by a law enforcement officer, clearly communicated his desire to have a sexual encounter with a fourteen-year-old girl, arranged to meet the fictitious minor at a designated place and time, and travelled to that location); *State v. Weston,* 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) (recognizing that if there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the appellate court must find the case was properly submitted to the jury).

### D. Admission of Photographs

In a pre-trial hearing and during the trial, Green objected to the admission of the two photographs of his penis. Green contended the photographs were more prejudicial than probative and, thus, should be excluded. In response, the Solicitor offered the photographs "to show the furtherance of the conduct to solicit sex from the underage child as a form of grooming, as a form of soliciting sex." The trial judge rejected Green's motion, finding the photographs were "highly relevant" and that "any prejudicial effect" was outweighed.

On appeal, Green contends the trial judge erred in allowing the jury to view these photographs as "the prejudicial value of a visual of [his] computer screen name of ["blak slyder"] through pictures of the same far outweighed its probative value." Although Green concedes the "sexual conversation" in the chat room was relevant, he contends the photographs should have been excluded as they were "inflammatory to both male and female" jurors. He characterizes the admission of these photographs as an "exceptional circumstance" that warrants reversal of his convictions as he was deprived of his constitutional right to a fair trial.

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of South Carolina, statutes, [the South Carolina Rules of Evidence], or by other rules promulgated by the Supreme Court of South Carolina." Rule 402, SCRE. Evidence is relevant if it has "any tendency to make the

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, SCRE. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403, SCRE.

 The relevancy, materiality, and admissibility of photographs as evidence are matters left to the sound discretion of the trial court. *State v. Kornahrens*, 290 S.C. 281, 350 S.E.2d 180 (1986). If the offered photograph serves to corroborate testimony, it is not an abuse of discretion to admit it. *State v. Todd*, 290 S.C. 212, 349 S.E.2d 339 (1986). To warrant reversal based on the wrongful admission of evidence, the complaining party must prove resulting prejudice. *Vaught v. A.O. Hardee & Sons, Inc.*, 366 S.C. 475, 480, 623 S.E.2d 373, 375 (2005). Prejudice occurs when there is reasonable probability the wrongly admitted evidence influenced the jury's verdict. *Id.*

We find the trial judge did not abuse his discretion in admitting the photographs. Although clearly offensive, the photographs corroborated Investigator Platt's testimony and served to establish Green's intent to solicit the minor to engage in sexual activity. Furthermore, the photographs negated Green's claim that he did not intend to have sex with a minor. After sending the photographs, Green commented that "I can show it to you in person." This comment in conjunction with the photographs provided the jury with evidence of Green's specific intent as to the charged crimes. Accordingly, we agree with the trial judge that the photographs were relevant and that their probative value outweighed any prejudicial impact. *See State v. Martucci*, 380 S.C. 232, 249, 669 S.E.2d 598, 607 (Ct.App.2008) (finding no abuse of discretion where trial judge admitted photographs that were relevant and necessary and were not introduced with the intent to inflame, elicit the sympathy of, or prejudice the jury; recognizing that a trial judge is not required to exclude evidence because it is unpleasant or offensive).

Moreover, even if the judge erred in admitting the photographs, we find any error to be harmless given that the text of the online chats, the testimony of the investigating officers, and the evidence found in Green's car conclusively established the elements of the crimes for which Green was charged. *See State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) (recognizing that an insubstantial error not affecting the result of the trial is harmless where "guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached"); *State v. Knight*, 258 S.C. 452, 454, 189 S.E.2d 1, 2 (1972) ("[A] conviction will not be reversed for nonprejudicial error in the admission of evidence.").

### E. Request to Charge ABHAN

At the conclusion of the State's case, Green requested the judge charge the lesser-included offense of attempted ABHAN. The trial judge denied Green's request on the ground there was "no evidence [or] conduct that could have been construed as an ABHAN."

On appeal, Green asserts the trial judge erred in denying his request to charge as the evidence warranted a charge on attempted ABHAN. Because he believed Mandy was actually a woman in her twenties, based on the online profile picture, and that he did not intend to engage in sexual activity once he met Mandy,[8] Green claims he was entitled to a charge on the lesser-included offense of attempted ABHAN.

"The law to be charged must be determined from the evidence presented at trial." *State v. Knoten*, 347 S.C. 296, 302, 555 S.E.2d 391, 394 (2001). A trial judge is required to charge the jury on a lesser-included offense if there is evidence from which it could be inferred the lesser, rather

---

8. In support of this assertion, Green references this Court's decision in *State v. Drafts*, 288 S.C. 30, 340 S.E.2d 784 (1986), wherein this Court reversed the defendant's conviction for assault with intent to commit criminal sexual conduct in the first degree for failure to charge ABHAN based on the defendant's testimony that "he did not want to do anything" with the victim. We find *Drafts* to be inapposite as the defendant in that case admitted "taking indecent liberties" with the female victim, which clearly would have supported an ABHAN charge. *Id.* at 33–34, 340 S.E.2d at 786.

than the greater, offense was committed. *State v. Drayton*, 293 S.C. 417, 428, 361 S.E.2d 329, 335 (1987).

■■■ "ABHAN is a lesser included offense of ACSC, notwithstanding that technically ACSC does not contain all of the elements of ABHAN." *State v. Geiger*, 370 S.C. 600, 606, 635 S.E.2d 669, 672 (Ct.App.2006); *see* 3 S.C. Jur. *Assault and Battery* § 26 (Supp.2012) (discussing cases involving a jury instruction for ABHAN as a lesser-included offense). "ABHAN is the unlawful act of violent injury to another accompanied by circumstances of aggravation." *State v. Fennell*, 340 S.C. 266, 274, 531 S.E.2d 512, 516 (2000). "Circumstances of aggravation include the use of a deadly weapon, the intent to commit a felony, infliction of serious bodily injury, great disparity in the ages or physical conditions of the parties, a difference in gender, the purposeful infliction of shame and disgrace, taking indecent liberties or familiarities with a female, and resistance to lawful authority." *Id.* at 274, 531 S.E.2d at 516–17.[9]

As previously stated, a person is guilty of CSC with a minor in the second-degree if "the actor engages in sexual battery with a victim who is fourteen years of age or less but who is at least eleven years of age." S.C.Code Ann. § 16–3–655(B)(1) (Supp.2011).

We find the trial judge properly declined to charge attempted ABHAN. As evidenced by the text of the online chat, Green's clear intent was to engage in sexual activity with Mandy, who he believed to be fourteen years old. After Mandy responded that she was fourteen years old, the conversation turned sexual in nature with Green asking Mandy about her previous sexual experiences, whether she would have sex with him, and sending her the explicit pictures. Moreover, when Mandy asked Green, "u aint like gonna kill me or kidnap me r u?", Green responded "lol hell no." Thus, Green intended only to "engage in sexual battery with a victim who is fourteen years of age or less." Accordingly, there was no evidence demonstrating that Green was guilty of the lesser-

9. In 2010, after this matter arose, the South Carolina General Assembly codified offenses involving assault and battery and these provisions are now applicable. S.C.Code Ann. § 16–3–600 (Supp.2011).

included offense of attempted ABHAN rather than the crime of attempted CSC with a minor in the second-degree.

### III. Conclusion

In conclusion, we affirm Green's convictions for criminal solicitation of a minor and attempted CSC with a minor in the second-degree as: (1) the criminal solicitation of a minor statute is not unconstitutionally overbroad or vague; (2) the use of a law enforcement officer to impersonate a minor victim was legally permissible to support both convictions; (3) Green had the requisite specific intent and committed an overt act in furtherance of the CSC charge under *Reid;* (4) the challenged photographs were relevant and their probative value outweighed any prejudicial effect; and (5) there was no evidence to support Green's request to charge attempted ABHAN.

**AFFIRMED.**

TOAL, C.J., PLEICONES, KITTREDGE and HEARN, JJ., concur.