**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4549**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DARRYL LEE JOHNSON,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:08-cr-00930-DCN-7)

———————

Submitted: January 29, 2013      Decided: February 6, 2013

———————

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

N. Elliott Barnwell, Charleston, South Carolina, for Appellant. Sean Kittrell, Peter Thomas Phillips, Assistant United States Attorneys, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl Lee Johnson pleaded guilty to conspiracy to possess with intent to distribute and distribute heroin, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C), 846 (2006); and three counts of possession with intent to distribute and distribution of heroin, in violation of 21 U.S.C. §§ 841(a), (b)(1)(C) (2006). The district court sentenced Johnson to 151 months of imprisonment, following its finding that Johnson was a career offender based on his prior South Carolina convictions for possession with intent to distribute marijuana and assault and battery of a high and aggravated nature ("ABHAN"). Johnson appealed, and we vacated the sentence and remanded for the district court to determine, under the modified categorical approach, whether Johnson's prior ABHAN conviction qualified as a predicate offense for purposes of the career offender enhancement under the Guidelines. United States v. Johnson, 475 F. App'x 494 (4th Cir. 2012) (unpublished).

On remand, the district court again concluded that Johnson was a career offender, and resentenced him to 151 months of imprisonment. Johnson now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in finding that Johnson's ABHAN conviction qualified as a crime of violence. Although Johnson was informed of the right to file a

2

supplemental pro se brief, he has not done so.  For the reasons that follow, we affirm.

We review the district court's conclusion that Johnson's prior offense was a crime of violence for sentencing enhancement purposes de novo.  See United States v. Gomez, 690 F.3d 194, 197 (4th Cir. 2012).  Under the Sentencing Guidelines, a defendant is classified as a career offender if he was eighteen years old at the time he committed the offense of conviction, the offense of conviction is a felony crime of violence or controlled substance offense, and he has sustained at least two prior felony convictions for crimes of violence or controlled substance offenses.  U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a) (2012).  A crime of violence is an offense punishable by a term exceeding one year of imprisonment that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  USSG § 4B1.2(a).

Under the modified categorical approach, applied "only when a statute prohibits different types of behavior such that it can be construed to enumerate separate crimes," a district court must determine which part of the statute at issue a

3

defendant violated, without recourse to whether the specific conduct of the defendant constituted a purposeful, violent, and aggressive act. Gomez, 690 F.3d at 198 (internal quotation marks and citation omitted). In so doing, in the context of a guilty plea, the court may review the terms of the plea agreement, the transcript of the plea colloquy and the factual basis for the plea, or other comparable judicial records to determine whether a prior conviction constituted a violent felony or crime of violence.[1] See Shepard v. United States, 544 U.S. 13, 26 (2005).

Under South Carolina law, ABHAN is a common law offense that requires "an unlawful act of violent injury accompanied by circumstances of aggravation." State v. White, 605 S.E.2d 540, 543 (S.C. 2004) (internal quotation marks and citation omitted).[2] The circumstances of aggravation include "the use of a deadly weapon, the intent to commit a felony, infliction of serious bodily injury, great disparity in the ages

---

[1] The determination of whether an offense is a violent offense under the Armed Career Criminal Act is the same as the determination of whether an offense qualifies under the career offender provisions of the Guidelines. See Gomez, 690 F.3d at 197.

[2] Johnson was convicted of ABHAN in 2008, prior to the codification of that offense in South Carolina. See State v. Green, 724 S.E.2d 664, 674 n.9 (S.C. 2012) (citing S.C. Code Ann. § 16-3-600 (Supp. 2011)).

4

or physical conditions of the parties, a difference in gender, the purposeful infliction of shame and disgrace, taking indecent liberties or familiarities with a female, and resistance to lawful authority." Id. (internal quotation marks and citation omitted); see also Johnson v. United States, 130 S. Ct. 1265, 1269 (2010) (federal courts are bound by the state supreme court's interpretation of state law, including determination of the elements of the offense).

Here, the district court correctly concluded, as Johnson concedes, that the transcript of Johnson's guilty plea demonstrates that the offense of conviction involved the aggravating circumstance of infliction of serious bodily injury. We conclude that this offense has as an element the use, attempted use, or threatened use of physical force against the person of another. See USSG § 4B1.2(a)(1); see also United States v. Wright, 594 F.3d 259, 263 (4th Cir. 2010) (conviction for aggravated assault and battery is violent felony because it has as an element the use, attempted use, or threatened use of physical force against person of another). We therefore further conclude that the district court did not err in determining that Johnson's prior conviction for ABHAN qualified as a crime of violence under the modified categorical approach and he was therefore a career offender.

We have examined the entire record in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court.

This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>