**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Joe Ward, Appellant.

Appellate Case No. 2011-202530

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2014-UP-012
Submitted November 1, 2013 – Filed January 8, 2014

**AFFIRMED**

Appellate Defenders Dayne C. Phillips and Carmen
Vaughn Ganjehsani, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General John Benjamin Aplin, both of
Columbia, for Respondent.

**PER CURIAM:** Joe Ward appeals his forgery conviction, arguing the trial court erred in (1) admitting a surveillance video that depicted only a portion of the bank transaction at issue, (2) denying Ward's mistrial motion after a witness gave in

camera testimony that was inconsistent with her testimony at trial, (3) admitting Ward's booking photograph although it lacked a proper foundation, and (4) admitting Ward's booking photograph when it was irrelevant and cumulative to other evidence.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in admitting the surveillance video:  *State v. Stephens*, 398 S.C. 314, 319, 728 S.E.2d 68, 71 (Ct. App. 2012) ("The admission or exclusion of evidence is a matter within the trial court's sound discretion, and an appellate court may disturb a ruling admitting or excluding evidence only upon a showing of a manifest abuse of discretion accompanied by probable prejudice."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *Stephens*, 398 S.C. at 319, 728 S.E.2d at 71 ("A trial [court's] decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances."); *id.* at 320, 728 S.E.2d at 71-72 ("A court weighing the prejudicial effect of evidence against its probative value must base its determination upon the entire record and upon the particular facts of the case before it.").

2.  As to whether the trial court erred in denying Ward's mistrial motion:  *State v. Bantan*, 387 S.C. 412, 417, 692 S.E.2d 201, 203 (Ct. App. 2010) ("The decision to grant or deny a mistrial is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); *State v. Hoffman*, 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) ("A contemporaneous objection is required to properly preserve an error for appellate review." (internal quotation marks omitted)); *State v. Lynn*, 277 S.C. 222, 226, 284 S.E.2d 786, 789 (1981) (holding the failure to contemporaneously object to improper testimony "cannot be later bootstrapped by a motion for a mistrial").

3.  As to whether the trial court erred in admitting Ward's booking photograph when it lacked a proper foundation:  *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").

4.  As to whether the trial court erred in admitting Ward's booking photograph because it was irrelevant and cumulative to other evidence:  *State v. Green*, 397

S.C. 268, 287, 724 S.E.2d 664, 673 (2012) ("The relevancy, materiality, and admissibility of photographs as evidence are matters left to the sound discretion of the trial court."); *id.* ("To warrant reversal based on the wrongful admission of evidence, the complaining party must prove resulting prejudice. Prejudice occurs when there is reasonable probability the wrongly admitted evidence influenced the jury's verdict." (citation omitted)); *State v. Kirton*, 381 S.C. 7, 37, 671 S.E.2d 107, 122 (Ct. App. 2008) ("[A]n insubstantial error not affecting the result of the trial is harmless when guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached. The admission of improper evidence is harmless where the evidence is merely cumulative to other evidence." (citation omitted)).

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.