**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of Dusty A. Cyr, Appellant.

Appellate Case No. 2012-211486

———————

Appeal From Lexington County
William P. Keesley, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-111
Submitted February 1, 2014 – Filed March 12, 2014

———————

**AFFIRMED**

———————

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

———————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Shuler*, 353 S.C. 176, 184, 577 S.E.2d 438, 442 (2003) ("The relevance, materiality, and admissibility of evidence are matters within the sound discretion of the trial court and a ruling will be disturbed only upon a showing of an abuse of discretion."); *State v. Holder*, 382 S.C. 278, 293, 676 S.E.2d 690, 698 (2009) ("An abuse of discretion occurs when the conclusions of the trial court

either lack evidentiary support or are controlled by an error of law." (internal quotation marks omitted)); *State v. Green*, 397 S.C. 268, 287, 724 S.E.2d 664, 673 (2012) ("To warrant reversal based on the wrongful admission of evidence, the complaining party must prove resulting prejudice."); *State v. Inman*, 395 S.C. 539, 565, 720 S.E.2d 31, 45 (2011) ("[I]t is a near insurmountable burden for a defendant to prove prejudice in the context of a bench trial as a judge is presumed to disregard prejudicial or inadmissible evidence."); S.C. Code Ann. § 44-48-30(1) (Supp. 2013) ("'Sexually violent predator' means a person who: (a) has been convicted of a sexually violent offense; and (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment."); *White v. State*, 375 S.C. 1, 9, 649 S.E.2d 172, 176 (Ct. App. 2007) ("'[P]ast criminal history is directly relevant' to proving a person is a sexually violent predator." (quoting *In re Corley*, 353 S.C. 202, 206, 577 S.E.2d 451, 453 (2003))).

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.