**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Reginald Canty, Appellant.

Appellate Case No. 2011-198090

Appeal From Sumter County
W. Jeffrey Young, Circuit Court Judge

Unpublished Opinion No. 2014-UP-208
Heard May 5, 2014 – Filed June 4, 2014

**AFFIRMED**

Breen Richard Stevens, of Orangeburg, and Appellate Defender Benjamin John Tripp, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Solicitor Ernest Adolphus Finney III, of Sumter, for Respondent.

**PER CURIAM:** Reginald Canty appeals his convictions for murder and armed robbery, arguing the trial court erred in (1) admitting a photograph of the victim's gunshot wound and (2) denying his directed verdict motion. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in admitting the photograph of the victim's gunshot wound: *State v. Green*, 397 S.C. 268, 287, 724 S.E.2d 664, 673 (2012) (stating the admission of photographic evidence is within the trial court's sound discretion and will not be reversed on appeal absent an abuse of that discretion); *State v. Stephens*, 398 S.C. 314, 319-20, 728 S.E.2d 68, 71 (Ct. App. 2012) (noting this court reviews the trial court's decision regarding Rule 403, SCRE, under an abuse of discretion standard and must give great deference to the trial court's ruling); *Green*, 397 S.C. at 287, 724 S.E.2d at 673 ("If the offered photograph serves to corroborate testimony, it is not an abuse of discretion to admit it."); *State v. Nance*, 320 S.C. 501, 508, 466 S.E.2d 349, 353 (1996) ("Moreover, we have viewed the photographs and find that they were not unduly prejudicial to Appellant.").

2. As to whether the trial court erred in denying Canty's directed verdict motion: *State v. Brown*, 402 S.C. 119, 124, 740 S.E.2d 493, 495 (2013) ("[I]f there is any direct or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *State v. Hill*, 268 S.C. 390, 393, 395-96, 234 S.E.2d 219, 220-21 (1977) (affirming the denial of a directed verdict motion and finding that "[a]lthough [the appellant] may have been unaware of the final planning of the [armed] robbery and did not accompany the perpetrators," "[t]he evidence justified submission of the case to the jury" because: (1) "[t]here was evidence indicating the [a]ppellant had previously discussed the robbery with the perpetrators"; (2) he appeared at the scene of the robbery; (3) there was "testimony that he actually viewed the commission of the crime"; and (4) he "received a portion of the proceeds of the robbery"); *State v. Thompson*, 374 S.C. 257, 263-64, 647 S.E.2d 702, 705-06 (Ct. App. 2007) (affirming the denial of a directed verdict motion and holding the defendant could be found guilty under the hand of one is the hand of all accomplice liability theory because he "discussed the robbery, appeared at the crime scene with [his codefendant], and may have viewed the attempted robbery," and finding "[a]t the very least, [the defendant] aided the commission of the crime by driving [his codefendant] to the scene and encouraged the crime by setting the events in motion earlier that day").

**AFFIRMED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**