**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Richard Evans, Appellant.

Appellate Case No. 2013-000579

Appeal From Laurens County
Frank R. Addy, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-519
Heard October 13, 2015 – Filed November 12, 2015

**AFFIRMED**

Thornwell F. Sowell, III, and John Michael Montgomery, both of Sowell Gray Stepp & Laffitte, LLC, and Chief Appellate Defender Robert Michael Dudek, all of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Deputy Attorney General David A. Spencer, and Assistant Attorney General Jared Quante Libet, all of Columbia, and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

**PER CURIAM:**  Richard Evans appeals his convictions of armed robbery, attempted murder, kidnapping, and grand larceny, arguing the trial court erred in (1) denying his motion for a mistrial based on testimony by law enforcement as to his nickname, which Evans alleges implicated his criminal history, and (2) admitting photographs of the victim's injuries.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      We find no error in the trial court's denial of Evans' motion for a mistrial based on a law enforcement officer's testimony about her prior knowledge of Evans "[i]n the community" because of his nickname, "Chilly Pop."  The decision to grant or deny a motion for a mistrial is within the sound discretion of the trial court.  *State v. Cooper*, 334 S.C. 540, 551, 514 S.E.2d 584, 590 (1999).  "The court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law."  *State v. Thompson*, 352 S.C. 552, 560, 575 S.E.2d 77, 82 (Ct. App. 2003).  We find the testimony was not a comment on Evans' criminal history.  *See U.S. v. Dean*, 59 F.3d 1479, 1492 (5th Cir. 1995) (considering "the nickname 'Crazy-K' is not necessarily suggestive of a criminal disposition").

2.      We find no error in the trial court's admission of photographs of the victim's injuries.  The admission of photographic evidence is within the trial court's sound discretion and will not be reversed on appeal absent an abuse of that discretion.  *State v. Green*, 397 S.C. 268, 287, 724 S.E.2d 664, 673 (2012).  This court reviews the trial court's decision regarding Rule 403, SCRE, under an abuse of discretion standard and must give great deference to the trial court's ruling.  *State v. Stephens*, 398 S.C. 314, 319-20, 728 S.E.2d 68, 71 (Ct. App. 2012).  "If the offered photograph serves to corroborate testimony, it is not an abuse of discretion to admit it."  *Green*, 397 S.C. at 287, 724 S.E.2d at 673.  "Moreover, we have viewed the photographs and find that they were not unduly prejudicial to Appellant."  *State v. Nance*, 320 S.C. 501, 508, 466 S.E.2d 349, 353 (1996).

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**